504

## UNITED STATES v. ROSS et al.
### No. 1154.

District Court, S. D. Texas, Galveston Division.
Feb. 21, 1933.

H. M. Holden, U. S. Atty., and R. F. Wiseheart, Asst. U. S. Atty., both of Houston, Tex.

Brantly Harris and Harris & Watkins, all of Galveston, Tex., for defendants.

KENNERLY, District Judge.

Indicted November 16, 1932, by a grand jury at the Waco Division of the United States District Court for the Western District of Texas, arrested in this district upon process issued upon such indictment, and committed by a United States Commissioner to the custody of the United States Marshal of this district, and incarcerated in jail by him awaiting order of removal to such Western district for trial, petitioners, complaining that such incarceration is illegal, and that they are unlawfully restrained of their liberty, petition for the issuance of the writ of habeas corpus, and that they be enlarged and discharged. This is a hearing, with written briefs, on such petition, by agreement upon the record (including stenographer's transcript) before the Commissioner.

■ The indictment (offered in evidence by the government) charges a conspiracy during the period from January 1, 1931, to June 1, 1932, in violation of section 88, title 18 USCA, and possession of, and transportation of, six hundred twelve quarts of intoxicating liquor, on or about May 20, 1932, in violation of the National Prohibition Act (27 USCA). The indictment charges an offense against the United States. It is shown that petitioners are the identical persons so indicted. It appears that the court in which the indictment is pending has jurisdiction of the offenses charged.

But petitioners say that there is not probable cause to believe that defendants are guilty as charged in the indictment. The Commissioner heard evidence offered by the government, in addition to the indictment. From such evidence, the presence of the defendants in Temple, Tex., in the division and district in which the indictment is pending, was shown for quite a period of time during the period (January 1, 1931, to June 1, 1932) it is alleged the conspiracy was being carried out. Some activities on the part of defendants, or some of them, while in Temple, which to say the least are not inconsistent with their guilt, are shown. Also that a large number of witnesses testified before the grand jury that found the indictment, only a few of whom were called to testify before the Commissioner. For petitioners, there was the testimony of several witnesses, who claimed to have seen defendants, or some of them, in Galveston and Beaumont on or about the dates of some of the overt acts alleged in the conspiracy count of the indictment, and the dates of the alleged possession and transportation of intoxicating liquor under the other counts. One of them, a deputy sheriff, fixes the dates by one or more of the defendants having aided him in locating some persons for whom he had process for service, and by the fact that he tried to borrow $50 from Ross, but was only successful in borrowing $20.

■ The Commissioner saw and heard all these witnesses testify, and reached the conclusion that the evidence, with the indictment, is sufficient to show probable cause that the defendants are guilty of the offense charged. I have reached the same conclusion from the record made before the commissioner. This renders it unnecessary to determine the question raised of whether the indictment alone is sufficient to show probable cause.

Let an order enter, denying the writ of habeas corpus, and remanding the defendants to the custody of the Marshal, as and when order of removal is signed.