### In re MARINO.
### No. 22435.

District Court, E. D. New York.
Sept. 15, 1937.

Max Rockmore, of New York City, for bankrupt.

Zalkin & Cohen, of New York City, for National City Bank of New York.

BYERS, District Judge.

This is a motion to confirm a report of the referee in bankruptcy ' recommend-ing that discharge be denied because specification No. VII (the making of a false financial statement) has been sustained by the evidence, and that the other specifications be overruled for failure of proof.

At argument, the attorney for the bankrupt asserted that his client was the victim of prejudice on the part of the referee and that an examination of the testimony and exhibits would so disclose. That assertion has entirely failed of justification.

The conduct of the proceedings was fair and impartial and the bankrupt's cause, if anything, was encouraged by the referee; indeed the court is unable to agree with the report as to the evidence concerning certain specifications other than No. VII. As to the latter, there is no substantial dispute created by the evidence:

■ Respecting Creditor's Exhibit 5, the statement made to the Bank of America purporting to reveal the bankrupt's assets and liabilities as at March 9, 1931, was materially false, within section 14b, subd. 3, of the Bankruptcy Act, as amended (11 U.S.C.A. § 32(b) (3). The figures representing the asserted value of the real estate according to the bankrupt's testimony were written by him; they appeared on other similar statements, and there could have been nothing inadvertent about their insertion, although the bankrupt knew and testified that he did not own the property in question, and had not for at least six years.

It is undisputed that the bankrupt obtained an extension or renewal of credit from the bank on the basis of the concededly false statement.

Much is attempted to be argued on his behalf about his inability to speak or understand English, or to read words as distinguished from figures, but he had been engaged in a wholesale and retail grocery business for a number of years, which he said he conducted himself, and he asserted that he kept his own books and records, such as they were, and made out his own checks. If he told the truth when he so testified, it is impossible to believe that this particular financial statement, and others which he issued at about the same time, have not been brought home to him in an individual and personal sense. The finding of the referee as to this specification is incontestable.

■■ Specification No. I is that the bankrupt failed to keep books of account or records from which his financial condition and business transactions might be ascertained. The referee finds that that specification has not been sustained, but a review of the evidence leads the court to a contrary conclusion.

In the financial statement in question, the bankrupt asserted that he had on hand merchandise at cost amounting to $74,-323, and he undertook to explain the loss or shrinkage of about $35,000 of this total.

He was conducting an enterprise of such proportions that his creditors were entitled to more information than was disclosed by the meager check stubs and loose-leaf entries which came into the possession of the receiver, and later the trustee.

It is thought that the applicable rule was stated by the Second Circuit Court of Appeals in the case of Underhill, 82 F.(2d) 258, 260, thus: " * * * it is intended that there be available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained. Records of substantial completeness and accuracy are required so that they may be checked against the mere oral statement or explanations made by the bankrupt. See International Shoe Co. v. Lewine (C.C.A. 5) 68 F.(2d) 517."

The evidence in this case fails to disclose that the bankrupt conducted his affairs within the quoted requirement.

Specification II alleges the destruction, mutilation, falsification, etc., of books of

account or records, and of course there is no direct evidence to sustain it. One can surmise that, if there were such records, they were destroyed, but there is no direct evidence on the subject.

Specifications III, IV, V and VI need not be discussed in view of the decision about to be made.

Specification VIII is that the bankrupt has failed to explain satisfactorily the loss of his assets and the deficiency of his assets to meet liabilities, and certainly this specification has been sustained by the proof.

The motion to confirm the report will be granted as to specification VII, and as to specifications I and VIII the report will not be confirmed, since the evidence sustains them. The order will provide that the discharge be denied and that specifications I, VII and VIII have been sustained.

Settle order.