## FETTERS, U. S. MARSHAL, *v.* UNITED STATES EX REL. CUNNINGHAM.

No. 720.   Argued April 16, 1931.—Decided May 25, 1931.

*Mr. Claude R. Branch*, Special Assistant to the Attorney General, with whom *Solicitor General Thacher* and *Mr. Erwin N. Griswold* were on the brief, for petitioner.

*Mr. Ruby R. Vale*, with whom *Messrs. John W. Dickerson, Otto Kraus, Jr.,* and *Benjamin M. Golder* were on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

On April 20, 1928, an indictment was returned by a grand jury in the Supreme Court of the District of Columbia, charging the respondent Cunningham with a violation of § 102, R. S.,* (U. S. C., Title 2, § 192), in having refused to answer pertinent questions put to him by a committee of the United States Senate. It is not necessary to reproduce the indictment. For present purposes, the facts pleaded therein sufficiently appear in the opinion of this court in *Barry* v. *U. S. ex rel. Cunningham,* 279 U. S. 597. After indictment, respondent was arrested in Pennsylvania upon a warrant issued under § 1014, R. S. (U. S. C., Title 18, § 591), and taken before a United States district judge sitting as a committing magistrate. Section 1014 provides:

" For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of a circuit court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any State where he may be found, and agreeably to the usual mode of process against offenders in such State, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense."

* Sec. 102. Every person who having been summoned as a witness by the authority of either House of Congress, to give testimony or to produce papers upon any matter under inquiry before either House, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than one thousand dollars nor less than one hundred dollars, and imprisonment in a common jail for not less than one month nor more than twelve months.

.That section further provides for the removal of the offender, if committed, to the district where the offense is to be tried.

At the hearing before the district judge the government, to show probable cause, introduced in evidence a certified copy of the indictment, and rested. Respondent challenged the sufficiency of the indictment upon the ground that the questions set forth therein, which he had refused to answer, were not pertinent to the committee's inquiry, and introduced a transcript of the proceedings before the committee. The district judge ordered respondent's commitment and his removal to the District of Columbia. Respondent, thereupon, sought his discharge from the custody of the United States Marshal, and filed a petition for a writ of *habeas corpus* to that end in the federal district court presided over by the same judge. That court held the indictment sufficient to support the commitment and removal and dismissed the petition. 26 F. (2d) 272. On appeal to the Circuit Court of Appeals for the Third Circuit, the order of the district court was reversed on the ground that the indictment disclosed that the questions propounded to respondent were not pertinent to the inquiry, and, therefore, there was not probable cause for respondent's commitment and removal to another district for trial. 33 F. (2d) 261.

After our decision in the *Barry* case, *supra,* the court of appeals granted a rehearing, but, upon consideration, adhered to its former decision. Thereupon, the United States Marshal applied to this court for a writ of certiorari, which was granted, but with an order vacating the judgments of both lower courts and remanding the cause to the district court with directions to dismiss the proceeding as abated. *Matheus* v. *U. S. ex rel. Cunningham,* 282 U. S. 802. This was done because the United States Marshal named in the petition had gone out of office and no substitution had been made within the statutory

period. Respondent then surrendered himself to United States Marshal Fetters, who was then in office, and filed a new *habeas corpus* petition; and upon that petition, after a hearing, the district court ordered the respondent to be discharged, deeming itself bound by the opinion of the court of appeals upon the former appeal. It is this last order which is now here for review, this court having granted a writ of certiorari pending the disposition of an appeal therefrom to the court below.

In proceedings under § 1014, R. S., the inquiry is limited to the question whether there is probable cause to believe the prisoner guilty, so as to justify his commitment and removal for trial. This inquiry may take place in advance of indictment or without the production of the indictment if one has been returned. When the indictment is produced before the committing magistrate it is received not as a pleading, but as evidence establishing or tending to establish the commission of an offense; and the magistrate has authority to pass upon it only in that aspect. He has no authority to determine its sufficiency as a pleading. *Morse* v. *United States*, 267 U. S. 80, 83, and cases cited.

Whether the indictment in this case properly could be held sufficient by the trial court upon demurrer, we have no occasion to consider. Without going into particulars, we think it clearly sufficient for removal purposes. The most that can be said is that the question whether the indictment is sufficient to put the respondent on trial is fairly debatable. It was never intended by § 1014 that an examining magistrate should have the power in removal proceedings to hold the facts pleaded in an indictment insufficient to charge an offense when that question is reasonably open to a difference of opinion. Doubtful questions of law relating to the sufficiency of the indictment or the validity of the statute upon which the indict-

ment is based, as well as all doubtful questions of fact, are matters to be left for the trial court to determine. *Parker* v. *United States,* 3 F. (2d) 903, 904, and cases cited.

In *Hughes* v. *Gault,* 271 U. S. 142, this court, after pointing out that the proceedings under § 1014, R. S., were intrusted not only to judges and commissioners of the United States and judges of state courts, but to any " mayor of a city, justice of the peace, or other magistrate, of any State where [the accused] may be found," said (p. 150):

" Obviously, in order to make it the duty of the judge to issue the warrant a mayor or a magistrate not a lawyer cannot be expected to do more than to decide in a summary way that the indictment is intended to charge an offense against the laws of the United States, that the person before him is the person charged and that there is probable cause to believe him guilty, without the magistrate's being held to more than avoiding palpable injustice."

A rule in respect of the power of one of the magistrates named in the statute, of course, applies to all.

And see *Rodman* v. *Pothier,* 264 U. S. 399, 402; *Henry* v. *Henkel,* 235 U. S. 219, 229.

The first order of commitment and removal made by the district judge was proper and should have been sustained. In the trial court the accused will have every opportunity to test the sufficiency of the indictment, since there it is not evidence, but " the very foundation of the charge." *Benson* v. *Henkel,* 198 U. S. 1, 12.

The judgment of the district court must be reversed and the cause remanded to that court for further proceedings in conformity with this opinion.

*Reversed.*