LEFKOWITZ et al. v. SCHNEIDER, United States Marshal.

No. 4571.

Circuit Court of Appeals, Third Circuit.

July 2, 1931.

Otto Kraus and Benjamin Golder, both of Philadelphia, Pa., and Minturn & Weinberger, of Newark, N. J., for appellants.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Raymond S. Norris, Sp. Asst. to Atty. Gen., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

Twenty-eight persons were indicted in the District Court of the United States for the District of Maryland for conspiring to violate the National Prohibition Act in one way and another. Four of them, resident in New Jersey, resisted removal to Maryland for trial. At the hearing (under section 591 of Title 18 USCA, Rev. St. § 1014) all parties stood on the indictment, the only evidence introduced by anyone; the government urging the indictment as evidence of probable cause and the defendants claiming that it did not charge a crime and therefore denying that it was such evidence. On the issuance of a warrant of removal the four defendants filed in the District Court a petition for a writ of habeas corpus. From an order dismissing the writ and remanding them to custody they now appeal and assign error to the court in continuing the restraint of their liberty under a warrant of removal issued, they say, without proof of probable cause.

The law on the subject is settled and may be found in Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689; Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875; Fetters, Marshal, v. United States ex rel. Cunningham, 283 U. S. 638, 51 S. Ct. 596, 75 L. Ed. 1321; Parker v. United States (C. C. A.) 3 F.(2d) 903; United States ex rel. Tassell v. Mathues, Marshal (C. C. A.) 11 F.(2d) 53; United States ex rel. Haim v. Mathues, Marshal (C. C. A.) 19 F.(2d) 22; Swan v. United States (C. C. A.)

23 F.(2d) 148; United States ex rel. Mayer v. Glass, Marshal (C. C. A.) 25 F.(2d) 941.

One of the essential proofs in removal proceedings is that of probable cause or cause for belief that the person accused is guilty of the offense for which his removal for trial is sought. It may be proved in several ways, Swan v. United States, supra, but the usual way is by proving the indictment which is itself evidence that there was probable cause for finding it. Tinsley v. Treat, supra. Such proof, however, is only prima facie. United States ex rel. Haim v. Mathues, Marshal, supra. But when, as here, the indictment is not attacked and overcome by countervailing evidence, it is, with the qualification presently to be stated, conclusive.

On an indictment with this evidential quality the committing magistrate must act, yet within limits. He has no power to try the accused even preliminarily; nor has he power to pass on the sufficiency of the indictment, or to resolve debateable questions as to its infirmities, whether of substance or form, or to decide doubtful questions of fact, for that is the function of the trial court. But to raise an evidential presumption of probable cause the indictment must charge a crime, for if no crime be charged, clearly no presumption of probable guilt can arise. And so on that ground the accused may, as here, attack the indictment and, if he succeed, the committing magistrate has power to refuse removal. Hence in this case, where the only evidence on either side is the indictment, the sole question is whether it charges a crime.

 The three counts of the indictment charge, respectively, that the twenty-eight defendants did, between certain dates and at a named place, feloniously conspire to commit offenses against the United States, that is to say, unlawfully to possess liquor, unlawfully manufacture liquor, and unlawfully possess articles and substances designed for the manufacture of liquor, all in violation of the National Prohibition Act (27 USCA).

Thus far the counts are in usual form. The requirements of venue, presentment, time and place are unquestionably present. The charging parts state the crimes not only by pleading facts which bring them within the statute but by counting upon the statute itself.

The facts pleaded, though meager, state crimes defined by the Act and state them sufficiently to apprise the defendants for present purposes and to identify them for future use in a possible plea of former acquittal or conviction. The counts do not recite all facts necessary as evidence to prove the averments and of course they do not recite the facts necessary to connect the twenty-eight defendants with one another in the web of the conspiracy. Nor is this required so long as the counts state the essentials of the crimes and charge the defendants with their commission. If the statement is lacking in particulars which are necessary to the preparation of their defense the appellants can avail themselves of a motion for a bill of particulars or other appropriate motion with respect to the parts which they, or any of them, played in the conspiracy when they reach the jurisdiction in which the indictment was found.

The indictment thus far recited conforms to the requirements of a criminal pleading at common law. But the federal statute under which it was drafted (section 37 Criminal Code, section 88 of title 18 USCA) extends the common law crime of conspiracy to include at least one overt act in furtherance of the conspiracy and requires that at least one overt act shall be pleaded. Four were pleaded in each count of this indictment and were in substance that in order to effect the object of the conspiracy each of four defendants (other than the four appellants) did one of these several acts:

(a) Met a truck on a certain highway and piloted it to its destination in Baltimore.

(b) Drove a truck from an unknown point to premises in Baltimore known as The Old Wilson Distillery.

(c) Paid the freight on seventy-four drums containing a liquid called "Spray Disinfectant" shipped from Newark, New Jersey, to Baltimore, and

(d) went with another defendant to the office of a certain man in the District of Maryland.

The appellants complain that while these pleaded overt acts reveal acts by the four named defendants they fail to show their connection with the conspiracy and particularly they fail to show any connection of the appellants with the conspiracy, and that, in consequence, the indictment is bad under the decision in United States ex rel. Mayer v. Glass, Marshal (C. C. A.) 25 F.(2d) 941.

The answer is twofold: First, section 37 of the Criminal Code (18 USCA § 88) does not require that an overt act shall be pleaded with respect to each of several alleged conspirators; the statute is satisfied by an aver-

ment and proof that "one or more of such parties (did) any act to effect the object of the conspiracy. * * *" And next, this case is distinguished from the Glass case where eleven defendants were charged with conspiracy by counts pleading forty-eight overt acts of which at least one was an overt act charged against each defendant and pleaded in a way which showed that the several overt acts pleaded in respect to the several defendants disclosed their whole connection with the conspiracy. That being so we held the averments as to the several defendants must mean what they said and must show that the acts grew out of or had some relation to the conspiracy. Applying that test we held that the indictment charged a crime as to some of them and did not charge a crime as to others. The trouble in the Glass case was that the pleader over-pleaded his case, that he went further than was necessary as to some defendants and in doing so he was bound by what his averments showed and did not show as to them. In this case there are no averments of overt acts committed in furtherance of the conspiracy by the four appellant-defendants; but as that is not required there are enough overt acts pleaded with respect to other defendants to satisfy the statute, leaving the main body of the counts to charge and hold all defendants for conspiracy. As we cannot, from the four overt acts pleaded, see the whole scheme of the conspiracy, we cannot say that they are not a part of the conspiracy or that they do not adequately apprise the defendants of the matter charged.

Therefore we would hold, as against the silence of these defendants, that the indictment stands as evidence of probable cause and justifies the warrant of removal, and, were the matter here on a valid record, we should affirm the order of the District Court dismissing the writ of habeas corpus.

In view of the fact that this appeal touches the liberty of persons, we have, of our own motion, considered and discussed it on a record which, as printed, is so defective that it compels dismissal of the appeal for want of signatures and verification to the petition for a writ of habeas corpus, for want of signatures to the writ itself, to the marshal's return, to the judge's order dismissing the writ, to the petition for appeal, to the order allowing appeal, to the citation, and, finally, for want of the requisite certificate by the clerk of the court to the record.

The appeal is dismissed.