**154**

ROSS et al. v. TOOMBS, U. S. Marshal, et al.

No. 6964.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1933.

Rehearing Denied Jan. 13, 1934.

Brantly Harris, of Galveston, Tex., and David Watkins, of St. Louis, Mo., for appellants.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex., for appellees.

Before BRYAN, SIBLEY and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants Ross, Clark, and Gayle, apprehended in the Southern District of Texas on fugitive warrants issued on the authority of a conspiracy indictment returned in the United States District Court for the Western District of Texas, and ordered removed by the Commissioner after a hearing, sued out writs of habeas corpus. This appeal is from the order of the District Judge denying the writs and remanding the defendants.

On its part the United States offered the indictment; proved the identity of the defendants, and that the defendants had been in Temple, Tex., the place where some of the overt acts were laid, stopping at a hotel there during a part of the time covered by the conspiracy charge. It also offered evidence of long-distance telephone conversations had by some of the defendants, testimony that one of the clerks overheard one of the defendants trying to sell whisky by telephone, and other evidence tending to prove that the defendants were associated. Recognizing the prima facie case made by the indictment, defendants undertook to rebut it by proof in the nature of an alibi, that, on the specific days in May laid in the overt acts, defendants were not in Temple, Tex., but elsewhere. None of the defendants took the stand to deny their guilt, or offer any explanation, and no witness appeared for them, except the alibi witnesses above mentioned.

Claiming that the District Judge gave the indictment the effect of an irrebutable presumption, and arguing that this was error, appellants are here insisting that they should have been discharged.

While it does appear that some such contention was made below, it is perfectly apparent from the opinion filed by the District Judge (5 F. Supp. 504), that, in refusing to discharge the defendants, he took no account of it. He refused the discharge for the obvious reason that the evidence they offered, not only did not rebut the prima facie case the indictment made, it did not even tend to do so. As was the case in Beavers v. Haubert, 198 U. S. 77, 25 S. Ct. 573, 49 L. Ed. 950, none of the defendants offered themselves for cross-examination, and as was the case there all of the evidence they offered was negative in character, in no manner joining issue with so as to swear away the proof of probable cause the indictment made.

▇ The prima facie case of probable cause made by the indictment is not, as appellants seem to suppose, a mere presumption of the kind that stands as evidence only to disappear when proof is offered. Foundation Co. v. Henderson (C. C. A.) 264 F. 483, 487; Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463. It is not a presumption in that sense at all. It is evidence making out a complete case until evidence comes in, Albury v. Dyson (C. C. A.) 285 F. 738, and afterwards it remains in the case to be considered with the other evidence offered, to break it down, in determining whether there is probable cause to remove. Atlantic Coast Line R. R. v. Atlantic Bridge Co. (C. C. A.) 57 F.(2d) 654; Grannis v. Ordean, 234 U. S. 385, 34 S. Ct. 779, 58 L. Ed. 1363; Kelly v. Jackson, 6 Pet. 622, 8

L. Ed. 523; U. S. v. Wiggins, 14 Pet. 334, 10 L. Ed. 481; Fetters v. U. S., 283 U. S. 641, 51 S. Ct. 596, 75 L. Ed. 1321; U. S. ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875; U. S. v. Andrade (D. C.) 10 F.(2d) 572; U. S. v. Foster (D. C.) 10 F. (2d) 577; Meehan v. U. S. (C. C. A.) 11 F. (2d) 847.

■ If, however, it were conceded that the indictment merely raises a presumption of probable cause, to stand only until proof on the issue came in, when it would disappear from the case (Foundation Co. v. Henderson, supra), this would not avail appellants, for the evidence offered by them does not meet, or even put in issue, the existence of probable cause raised by the offer of the indictment. Beavers v. Haubert, supra.

There was no error. The challenged order is affirmed.