**UNITED STATES ex rel. MAGGIO et al. v. SCHNEIDER, Marshal.**

No. 5193.

Circuit Court of Appeals, Third Circuit.

Dec. 12, 1933.

Sidney Byer (Ernest S. Glickman, of Trenton, N. J., of counsel), for appellants.

Charles D. McAvoy, U. S. Atty., and E. Washington Rhodes, Asst. U. S. Atty., both of Philadelphia, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the District of New Jersey dismissing writs of habeas corpus. The appellants, residents of New Jersey, were indicted in the Eastern district of Pennsylvania

for conspiracy with others to violate the National Prohibition Act. Testimony was taken at a hearing before a United States commissioner in New Jersey, who made no formal order to hold the appellants. The case was heard de novo by Judge Avis, sitting as committing magistrate in the District Court for the District of New Jersey, who ordered the removal of the appellants. Thereupon the appellants sued out writs of habeas corpus, which were returned and dismissed.

The first assignment of error is to the effect that the writs of habeas corpus should have been allowed and the appellants discharged from custody because there was no evidence to identify them as the persons whom the grand jury intended to indict. In support of the general rule that one charged with the commission of a crime may not be removed from the district of his residence to another district for trial until his identity as the person indicted is established, the appellants cite the decision of this court in Mathues v. United States, 19 F. (2d) 7. In that case, the relator, Charles Schwartz, together with 111 others, was indicted in a District Court in Ohio for conspiracy to violate the National Prohibition Act. The relator was arrested in Philadelphia. At the hearing in the removal proceedings before a commissioner, no one appeared who could or did identify the relator as the person indicted. The witness, whose testimony was relied upon by the government, had not testified before the grand jury in Ohio and knew nothing about the conspiracy nor about any evidence before the grand jury which connected any one by the name of Charles Schwartz with the conspiracy charged. No part of his testimony tended to prove that the Charles Schwartz who was arrested in Philadelphia and the Charles Schwartz who was indicted in Ohio were one and the same person. On behalf of the relator, ten witnesses, each named Charles Schwartz, testified that they were in business and had their respective residences in Philadelphia. The commissioner held the relator for removal. Upon this state of the record, the District Judge discharged the relator upon habeas corpus proceedings, holding that the commissioner erred in finding that the relator was the Charles Schwartz indicted, inasmuch as there was no evidence before him upon which to base a finding of identity of the relator as the defendant named in the indictment. This court affirmed the order of the District Judge. On this cited authority we are asked to conclude in the instant case that the finding by the District Court that the

appellants were sufficiently identified was erroneous. The facts, however, may be readily distinguished. In the case at bar a witness for the government testified before the District Court that he recognized the voice of Selvaggi, one of the appellants, and that persons bearing the names of each of the appellants and located at the addresses where the appellants resided or worked were the persons concerning whom he testified before the grand jury and were the persons whom the grand jury intended to indict. The Ninth circuit held identity of names sufficient to establish identity in Charlie Wong v. Esola, 6 F. (2d) 828 (C. C. A. 9). We have here more than mere identity of names, and we think that the District Court had sufficient testimony upon which to determine the identity of the appellants for the purpose of a warrant of removal.

The appellants contend that the District Court had no jurisdiction to hear the cause after it had been determined and dismissed by the United States commissioner, and that the discharge by the commissioner was equivalent to an adjudication of the question and amounted to a bar to a second proceeding. This exact issue was decided in United States v. Levy, 268 U. S. 390, 45 S. Ct. 516, 69 L. Ed. 1010, where the Supreme Court held that the decision of a commissioner favorable to the accused, although persuasive, is not controlling upon a District Court which hears a second application for a warrant of removal.

The next contention is that the writs of habeas corpus should have been allowed and the appellants discharged because the evidence did not sufficiently show that there was probable cause to believe that they had committed an offense against the United States. In proceedings of this character it is not the duty of the commissioner or the District Court to weigh the evidence as to the guilt or innocence of the accused. United States v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875; Fetters v. United States, 283 U. S. 638, 51 S. Ct. 596, 75 L. Ed. 1321. The production before the District Court of a duly certified copy of the indictment found in the district to which removal is sought, together with proof of identity, presents a prima facie case for removal. Greene v. Henkel, 183 U. S. 249, 22 S. Ct. 218, 46 L. Ed. 177; Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882; United States ex rel. Tassell v. Mathues, 11 F. (2d) 53 (C. C. A. 3). The District Court permitted the appellants to introduce testimony to refute the prima facie case presented by the government and there-

upon concluded that there was proof of probable cause. It is not the function of an appellate court to weigh the evidence, and, as the District Court had evidence before it upon which to base its finding, we see no error in its conclusion. Price v. Henkel, 216 U. S. 488, 30 S. Ct. 257, 54 L. Ed. 581.

The appellants also urge that there was no proof of an overt act committed within the Eastern District of Pennsylvania by the appellants and no proof that they were within that district at any time. The indictment, however, does charge the commission of several overt acts in the Eastern District of Pennsylvania in furtherance of the alleged conspiracy. Where one overt act is charged and shown to have been committed in the district of the indictment, the indictment has adequately met the requirement of 18 USCA § 88, and is sufficient for purposes of removal proceedings. The law on this subject has been fully discussed by this court in Lefkowitz v. Schneider, 51 F.(2d) 685.

We are of the opinion that the District Court did not err in dismissing the writs of habeas corpus.

The order dismissing the writs of habeas corpus is affirmed.