## UNITED STATES v. KARNOFSKY.
### No. 1735.

District Court, M. D. Pennsylvania.
July 19, 1938.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

A. M. Lucks, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

The question presented by removal proceedings brought to remove Albert Karnofsky from the Middle District of Pennsylvania to the Western District of Pennsylvania where, it is alleged, he is under indictment for counterfeiting is whether the identity of Karnofsky must be established by a witness who testified before the grand jury.

A hearing was held before United States Commissioner Marsh at which a certified copy of the indictment was introduced in evidence and three witnesses testified for the Government to the identity of Karnofsky as one of the defendants named in the indictment. On the basis of this evidence the Commissioner committed Karnofsky. Application was then made to the court for removal to the Western District of Pennsylvania which was granted. Karnofsky petitioned for a re-hearing alleging that the committment and removal order are invalid because none of the witnesses to identity who appeared before the Commissioner had also appeared before the grand jury which found the indictment. To sustain this position it would be necessary to find as a matter of law that the only evidence which is admissible to prove identity in removal proceedings is the testimony of a witness or witnesses who appeared before the grand jury which found the indictment.

In removal proceedings under section 1014, Rev.Stats., 18 U.S.C.A. § 591, the evidence produced must be sufficient to give the Commissioner a reasonable basis to find in a summary way that the indictment charges an offense against the laws of the United States, that the person before him is the person charged and that there is probable cause to believe him guilty. United States ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875. In these proceedings, the introduction of a certified copy of the indictment is sufficient to sustain a finding that an offense against the laws of the United States is charged and that there is probable cause to believe that the persons named in the indictment are guilty. Fetters v. U. S. ex rel. Cunningham, 283 U.S. 638, 51 S.Ct. 596, 75 L.Ed. 1321.

The testimony of a witness who appeared before the grand jury is a proper means of proving the identity of the defendant named in the indictment. United States ex rel. Haim v. Mathues, 3 Cir., 19 F.2d 22; United States v. Rotman, D.C., 23 F.2d 860. It does not follow however, that such testimony is the only proper means of establishing identity. This is an issue of fact which may be proved by any legally competent evidence. In the case at bar there was sufficient evidence before the commissioner to warrant the finding that the petitioner was identified as one of the persons named in the indictment.

There being competent evidence to support all the findings of the Commissioner, they must be sustained. United States v. Weinberger, D.C., 4 F.Supp. 892, 901.