## UNITED STATES ex rel. CONSAGRA v. RABB, United States Marshal.

### No. 103.

District Court, M. D. Pennsylvania.

Sept. 20, 1938.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., and Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for the government.

Ellis Berger and John W. Crolley, both of Scranton, Pa., for petitioner.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus to test the validity of the commitment of petitioner by a United States Commissioner in proceedings for removal under R.S. Section 1014, 18 U.S.C.A. § 591.

The question presented is whether petitioner is unlawfully deprived of his liberty because of the commitment.

Petitioner was given a hearing before United States Commissioner Carlon M. O'-Malley, and was also given a hearing before this court on the return day of the writ. Transcripts of the testimony taken before the Commissioner and the Court are filed as part of the record.

Petitioner and fifty others were indicted in the Southern District of New York for conspiracy to violate the Internal Revenue Liquor Laws. Overt acts alleged against petitioner are the sending of two telegrams to Alfred Fiumano, alleged to be one of the conspirators.

At the hearings petitioner introduced witnesses who testified that his reputation for honesty and good character was excellent. This testimony was uncontradicted. The Government introduced a certified copy of the indictment. The petitioner admitted that he was the Louis Consagra named therein and that the telegrams had been sent at his direction. The petitioner could neither read nor write. Petitioner contends that there was no competent testimony before the Grand Jury upon which to indict; that the telegrams upon which the overt acts were based referred to a legitimate business transaction and had nothing to do with the alleged conspiracy; and that the evidence as to these matters rebuts the prima facie case raised by the indictment.

 Removal proceedings under Section 1014 are preliminary, and a commitment does not pass upon the merits of the case so far as the guilt or innocence of the accused is concerned. It amounts to no more than a finding that there is probable cause to believe that the accused should stand trial. U. S. ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501. Furthermore, a prima facie case of probable cause is established by proof of the indictment and of petitioner's identity as one of the defendants named therein. Fetters v. U. S. ex rel. Cunningham, 283 U. S. 638, 51 S.Ct. 596, 75 L.Ed. 1321.

In the case at bar, the Government made out a prima facie case by proof of the indictment and the identity of petitioner. But at the hearing the petitioner had the right to produce evidence to rebut this prima facie case and to show that there was no ground for requiring him to stand trial.

In the case at bar, there is no conflict of testimony, the evidence rebuts the prima facie case established by the indictment and the identity of the petitioner, and shows that there is no ground for requiring him to stand trial on any charge specified in the indictment. U. S. ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501; Fetters v. U. S. ex rel. Cunningham, 283 U.S. 638, 51 S.Ct. 596, 75 L.Ed. 1321.

And now, this 20th day of September, 1938, it is ordered that the writ of habeas corpus issued in the above case be and the same is hereby made absolute, and Robert W. Rabb, United States Marshal, and/or the Warden of the Lackawanna County Jail are directed to release the petitioner, Louis Consagra.