## UNITED STATES v. BINION.
### No. 12405.

United States District Court
D. Nevada.
Nov. 14, 1952.

Miles N. Pike, U. S. Atty., Reno, Nev., and William P. Compton, Asst. U. S. Atty., Las Vegas, Nev., and Edward Molenof, Sp. Asst. to Atty. Gen., for plaintiff.

Thomas A. Foley and Joseph M. Foley, Las Vegas, Nev., and Nash R. Adams, Dallas, Tex., and Warren Woods, Washington, D. C., for defendant.

YANKWICH, Chief Judge.

The government of the United States has petitioned for a warrant of removal, under Rule 40, Federal Rules of Criminal Procedure, 18 U.S.C.A., of the defendant to the Northern District of Texas, Dallas Division, there to stand trial on an indictment returned by the grand jury of that district on October 3, 1952, charging him with evasion of income tax for the year 1948, in violation of Section 145(b), Internal Revenue Code, 26 U.S.C.A. § 145(b). The defendant resists the motion.

The government has offered in evidence a certified copy of an indictment returned by the grand jury of the named Texas district. An agent of the Bureau of Internal Revenue stationed at Dallas has identified the defendant as the person named in the indictment. Indeed, that fact is not disputed. For the defendant seeks to prove by the testimony of witnesses whom he has subpoenaed that he is the victim of persecution, and that the indictment was returned after the defendant, under Rule 20, Federal Rules of Criminal Procedure, entered a plea of *nolo contendere* in this district to an indictment charging evasion of income tax for 1949, under which plea he was, on September 3, 1952, fined the sum of $15,000 and placed on probation for a period of five years, imposition of sentence being stayed for that period.

In his offer of proof, the defendant contends that the present indictment was the result of connivance between the Federal officers and certain officers of the State of Texas, who had been unsuccessful in having him extradited to that State to face charges under the State law, and that the sole object of the present proceeding is to secure the physical presence in Texas of the defendant, who for several years has been a resident of the State of Nevada.

I

The Indictment as Conclusive Proof of Probable Cause

The first question presented is whether the provision of Rule 40, Federal Rules of Criminal Procedure, which makes it mandatory on the court to order the removal of a defendant upon (a) production of a certified copy of the indictment and (b) proof that the defendant is the person named in the indictment, is valid.

Ever since the enactment of the first Judiciary Act of 1789, provision has been made for the removal of offenders found in a district other than that in which the offense is to be tried. 1 Stat. 73, 91. Since the adoption of the Federal Rules of Criminal Procedure on March 21, 1946, the proceedings for removal are governed by Rule 40.

The most fundamental concept embodied in this Rule is that while a hearing on a warrant of removal is provided in all cases before a Commissioner or Judge, the conditions for removal differ in cases prosecuted by indictment from those cases prosecuted by information. The Rule provides,

"If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment. If the prosecution is by information or complaint, a warrant of removal shall issue upon the production of a certified copy of the information or complaint and upon proof that there is probable cause to believe that the defendant is guilty of the offense charged." Rule 40(b) (3), Federal Rules of Criminal Procedure.

Where a prosecution is by information, in addition to production of a certified copy of the information, evidence must be adduced on behalf of the government showing the existence of probable cause to believe that the defendant is guilty of the offense charged. If the prosecution is by in-

dictment, the two things to be shown are: (a) a certified copy of the indictment, and (b) proof of the identity of the defendant, i. e., that he is the person named in the indictment.

District courts, which have had occasion to interpret Rule 40, have interpreted it as meaning what is evident from its language, i. e., that (a) on production of an indictment and (b) proof of identity, the order of removal *must be made!* United States v. Bessie, 1947, D.C.Cal., 75 F.Supp. 95; United States v. Bishop, 1948, D.C.Or., 76 F.Supp. 866.

■ It is the defendant's contention that the section violates Article III, Section 2, Clause 3 of the Constitution, providing for trial by jury in the state where an offense "shall have been committed", and the Sixth Amendment to the Constitution reasserting the right of trial by jury in the district "wherein the crime shall have been committed".

We do not think the position is well taken. For the object of removal proceedings is merely to secure the presence of a defendant residing in another district in the district in which he is charged with the offense.

The inquiry, while judicial in nature, Tinsley v. Treat, 1907, 205 U.S. 20, 32, 33, 27 S.Ct. 430, 51 L.Ed. 689, does not concern itself with the guilt or innocence of the defendant. And while the case just cited, and others, such as Greene v. Henkel, 1902, 183 U.S. 249, 261, 22 S.Ct. 218, 46 L.Ed. 177, have held that a showing of probable cause is necessary, we believe that the existence of an indictment is sufficient to satisfy that requirement. Indeed, the object of Rule 40 was to do away with the uncertainty which cases like the one just referred to had introduced into this branch of the law by denying to an indictment finality for the purpose of removal.

A study of the later cases will demonstrate that, even before the adoption of Rule 40, proof of probable cause was not necessary, except in cases where the removal related to an offense prosecuted by information.

II
The Background of Rule 40

Writing some years ago, the secretary to the Advisory Committee on Federal Rules of Criminal Procedure, the Honorable Alexander Holtzoff, now one of the judges of the United States District Court for the District of Columbia, justified the distinction introduced into the procedure in this manner:

"On the other hand, if the prosecution is based on an indictment, a certified copy of the indictment will be conclusive proof of probable cause and the only additional evidence required will be proof of identity. The defendant will not be entitled to controvert the indictment. This provision of the rule will definitely settle the question whether an indictment is prima face or conclusive proof of probable cause. The latter alternative was selected because of the fact that in such cases the grand jury had heard the evidence and found that there was probable cause for putting the accused on trial. Since the action of the grand jury is not subject to review by the court of which it is an arm, it seemed appropriate that the court for the district in which the defendant may have been fortuitously apprehended should not be clothed with any greater authority in this regard." Alexander Holtzoff, Removal of Defendants in Federal Criminal Procedure, 1946, 4 F.R.D. 455, 468, 568.

Writing at about the same time, I criticized the distinction:

"It is quite apparent that, in cases prosecuted by indictment, the new rule deprives the defendant of the right to question the existence of probable cause, a right which is his now. * * * While it is true that the presumption of probable cause attaches to an indictment by a grand jury, given the fallibility of grand juries and the tendency of, some times, returning indictments upon the hearsay testimony of investigating agents, the removal of this safeguard to a person arrested in another

district may result in injustice." Yank-wich, Commentary on Federal Rules of Criminal Procedure, 1946, 180, 181.

While the distinction deprives the defendant of an opportunity of contesting the existence of probable cause, I do not believe that it deprives him of any constitutionally guaranteed right. For the courts have held repeatedly that constitutionally removal could be had *without the holding of any preliminary inquiry.* And before the enactment of Rule 40, an inquiry, when had, could:

> "take place in advance of indictment or without the production of the indictment if one has been returned." Fetters v. United States, 1931, 283 U.S. 638, 641, 51 S.Ct. 596, 598, 75 L.Ed. 1321. See, Morse v. United States, 1925, 267 U.S. 80, 83, 45 S.Ct. 209, 69 L.Ed. 522.

In a noted case, Beavers v. Henkel, 1904, 194 U.S. 73, 83, 24 S.Ct. 605, 48 L.Ed. 882, the Supreme Court, speaking through Mr. Justice Brewer, in distinguishing removal from extradition said:

> "In an extradition the nation surrendering relies for future protection of the alleged offender upon the good faith of the nation to which the surrender is made, while here the full protecting power of the United States is continued after the removal from the place of arrest to the place of trial. It may be conceded that no such removal should be summarily and arbitrarily made." Beavers v. Henkel, supra, 194 U.S. at page 83, 24 S.Ct. at page 606.

And, later, the court ruled specifically that the requirement for removal is strictly statutory. Speaking through Mr. Justice Holmes, the court said:

> "The Constitution does not require any preliminary hearing before a person charged with a crime against the United States is brought into the Court having jurisdiction of the charge. There he may deny the jurisdiction of the Court as he may deny his guilt, and the Constitution is satisfied by his right to contest it there. With immaterial

exceptions any one in the United States is subject to the jurisdiction of the United States and may be required to stand trial wherever he is alleged to have committed the crime." U. S. ex rel. Hughes v. Gault, 1926, 271 U.S. 142, 149, 46 S.Ct. 459, 460, 70 L.Ed. 875.

In this brief quotation is found the reasoning behind Rule 40. For Mr. Justice Holmes says plainly that a removal could constitutionally be had upon the production of an indictment. The rule does just that except that it also requires proof of identity. These considerations were all summed up very briefly in a later case by Mr. Justice Butler, speaking for a unanimous court:

> "A person accused by indictment and found within the district where he is wanted is not entitled to a hearing in advance of trial. Beavers v. Henkel, supra, 194 U.S. 73 [at page] 84, 24 S. Ct. 605. The statute gives such a right to one otherwise accused. There is no constitutional right to a hearing in advance of removal. Undoubtedly, Congress has power to direct the accused persons be taken, immediately and without hearing, before the court for trial. U. S. ex rel. Hughes v. Gault, 271 U.S. 142, 149, 1952, [152] 46 S.Ct. 459, 70 L.Ed. 875. But, as otherwise hardship and injustice might result, it has given a right to examination and hearing. Beavers v. Henkel, supra, 194 U.S. 73 [at page] 83, 24 S.Ct. 605; Tinsley v. Treat, 205 U.S. 20, 29, 27 S. Ct. 430, 51 L.Ed. 689; Hughes v. Gault, supra. In removal proceedings, the case of an indicted person is to be distinguished from that of one accused only by complaint filed with the Commissioner. Identity being shown or admitted, the indictment without more prima facie requires the order of removal. Greene v. Henkel, 183 U.S. 249, 262, 22 S.Ct. 218, 46 L.Ed. 177; Venson v. Henkel, 198 U.S. 1, 10–12, 25 S.Ct. 569, 49 L.Ed. 919. Hyde v. Shine, 199 U.S. 62, 84, 25 S.Ct. 760, 50 L.Ed. 90; Haas v. Henkel, 216 U.S. 462, 481, 30 S.Ct. 249, 54 L.Ed.

569. Evidence is required to support the allegations of the complaint." United States ex rel. Kassin v. Mulligan, 1935, 295 U.S. 396, 400, 55 S.Ct. 781, 782, 79 L.Ed. 1501.

So, Rule 40 embodies in clear language what, prior to these decisions, may not have been expressed with clarity by the courts. .

■ And the inescapable conclusion is that as there would be no denial of due process if preliminary hearings prior to removal were done away with, there is none in making a distinction in the amount of proof between cases prosecuted by information and those initiated by indictment. Here, we are in the field of the familiar constitutional doctrine that that which the Congress may constitutionally deny or prohibit, it may grant upon such terms as it chooses. George v. United States, 9 Cir., 1952, 196 F.2d 445, 449–450.

The most recent instance of such action was the passage of the Federal Tort Claims Act of 1946. 28 U.S.C.A. §§ 1346(b), 1402 (b), 2674. This statute establishes responsibility of the government for the torts of some of its employees, and allows civil actions for damages to be brought against the government. As the government, as sovereign, is, ordinarily, immune from such suits, when the Congress, through this statute, waived immunity in a large variety of torts, it could and did, despite the guaranty of jury trial of the Seventh Amendment to the Constitution of the United States, deny to the beneficiaries of the Act, the right to trial by jury. 28 U.S.C.A. § 2402.

### III
#### The Status of a Probationer

A less serious contention is presented by the claim that because the defendant is under probation in this district, he cannot be indicted in another district. In the alternative, it is argued that this court, *in its discretion,* could refuse to allow the prisoner to be removed.

There are cases which hold that while a person is under probation he is in the custody of the court which granted probation, and that a prosecution by a state court during that period would be unauthorized. Grant v. Guernsey, 10 Cir., 1933, 63 F.2d 163; Dillingham v. United States, 5 Cir., 1935, 76 F.2d 35; United States ex rel. Hall v. McGowan, 1948, D.C.Minn., 80 F. Supp. 792; United States ex rel. Speece v. Toman, 1938, D.C.Ill., 23 F.Supp. 119.

I am unwilling to extend the doctrine of these cases to Federal proceedings. For as a defendant might be guilty of distinct offenses in several districts, the government should not be prevented from instituting multiple prosecutions merely because a prosecution in one district has resulted in a probationary sentence. This is especially true in cases involving income tax evasion, in which one might be guilty of several violations for different taxable years. Internal Revenue Code, § 145(b), 26 U.S.C.A. § 145(b).

Even as between state and Federal governments, the prosecution and incarceration of a person under one does not grant immunity to prosecution by the other. Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S. Ct. 309, 66 L.Ed. 607; Johnston v. Wright, 9 Cir., 1943, 137 F.2d 914.

A Federal sentence does not begin until the defendant is received at the penitentiary, reformatory or jail for service of the sentence. 18 U.S.C.A. § 3568. If the defendant at the time of the sentence is in custody of state authorities, the Federal sentence does not begin to run until they have surrendered their custody. For this reason a Federal sentence cannot be made to run concurrently with a state sentence. Zerbst v. McPike, 5 Cir., 1938, 97 F.2d 253; Rohr v. Hudspeth, 10 Cir., 1939, 105 F.2d 747; Lunsford v. Hudspeth, 10 Cir., 1942, 126 F. 2d 653; Hayden v. Warden, 9 Cir., 1941, 124 F.2d 514; Vanover v. Cox, 8 Cir., 1943, 136 F.2d 442; Hill v. United States, 10 Cir., 1951, 186 F.2d 669; Strewl v. McGrath, D. C., Cir., 1951, 191 F.2d 347.

In the interplay of comity between state and Federal governments repeatedly one or the other sovereignty has surrendered a prisoner for prosecution. When this has occurred the courts have postulated the

thought that the surrender for prosecution was not a transfer of custody but merely a "loan," as it were, that the prosecution concluded, the custody reverted to the first custodian, and that when a sentence was imposed in the second prosecution, it was consecutive and not concurrent with the first.

■ If, as Mr. Chief Justice Taft stated in Ponzi v. Fessenden, supra, 258 U.S. at page 264, 42 S.Ct. at page 312,

"* * * the fact that a defendant in an indictment is in prison serving a sentence for another crime gives him no immunity from the second prosecution",

certainly the fact that a person is under probation should not immunize him against prosecution by the same government for an offense of a similar type, relating to another taxable year.

Probation is not punishment. The court either suspends the imposition of the sentence, or, having imposed it, stays its execution. 18 U.S.C.A. § 3651. In granting probation the defendant is not taken into custody. He is returned to his regular status in the life of the community, and, except for certain supervision of conduct and limitation of his right to leave the District without the permission of the court or the probation officer, he remains a free agent. When a person under probation of a Federal court in one state is indicted by the regularly constituted grand jury of a regularly constituted district court in another state for an offense not covered by the offense on which he was given probation, I do not believe that the mandatory character of Rule 40 is changed, and that the court could deny removal unless, in addition to the conditions provided in Rule 40, it were also satisfied that probable cause existed for the second prosecution. To make this additional requirement would mean to read into Rule 40 an exception in favor of persons who are on probation, which the Supreme Court in promulgating the rule did not deem it advisable to insert.

■ The defendant and his very earnest counsel, no doubt, are convinced that per-secution may have motivated this second indictment. But we are bound to assume the integrity of the judicial process of the United States, of which the grand jury is a part. And neither compassion nor sympathy should prompt us to introduce into the simple mechanics of removal exceptions not called for by the plain wording of the Rule. It was the warning of a great judge, Mr. Justice Cardozo, that a judge "is not an innovate at pleasure." The Nature of the Judicial Process, 1. Even under the proceedings as they existed prior to the adoption of Rule 40, the courts, while permitting inquiry into the existence of probable cause, forbade attacks on the sufficiency of the indictment and the presentation of other defensive matters. Morse v. United States, 1925, 267 U.S. 80, 83, 45 S.Ct. 209, 69 L.Ed. 522; Fetters v. United States ex rel. Cunningham, 1931, 283 U.S. 638, 641, 51 S.Ct. 596, 75 L.Ed. 1321; Cochran v. Esola, 9 Cir., 1933, 67 F.2d 91, 93.

The conclusion reached requires that the objection to the offer of proof be sustained.

■ It is so ordered. The defendant is ordered removed to the Northern District of Texas, Dallas Division.