## UNITED STATES v. HOPPER.

### Cr. No. 9217.

District Court, D. Oregon.

June 25, 1945.

J. Robert Patterson, Asst. U. S. Atty., of Portland, Or., for plaintiff.

William M. Langley, of Portland, Or., for defendant.

McCOLLOCH, District Judge.

I have for final disposition the removal of the defendant, Robert Hugh Hopper.[1] Mr. Patterson at the last hearing filed a memorandum. I have it before me now. No testimony has been taken but I think that counsel are in agreement, I have so understood them, as to the nature of the charge, namely, that the defendant was issuing bad checks in Alabama on Mississippi banks, for which there were no funds, or on banks in which he had no accounts.

We don't consider that constitutes a federal crime in this district, and the question is, whether I should remove a man on a construction of a statute which we do not apply in our own district, absent any showing of a contrary ruling in the district to which removal is sought.

Now, Mr. Patterson, reviewing your memorandum, Tinsley v. Treat, 205 U.S. 20, 27 S.Ct. 430, 51 L.Ed. 689, which you cite, and which is a leading case, held that a defendant was entitled to show, in opposing removal, that he had not committed a crime triable in the district to which his removal was sought. The case arose under the Sherman Anti-Trust Act, 15 U.S. C.A. §§ 1–7, 15 note. The case held that the indictment was not conclusive as to whether the defendant had committed a crime in the district where the indictment was returned.

There has been no clear cut holding that the National Stolen Property Act, 18 U.S. C.A. § 413, et seq., applies to the ordinary bad check transaction, merely because the check clears across a state line. I know that the statute uses the words "transport" and "cause to be transported", and I know that it includes checks in the definition of "securities"; and I can agree with you that, taken literally, when a man writes a check in Alabama on a bank in Mississippi, and that check goes through the mail in the ordinary process of clearing, technically and literally he causes that check to be transported from Alabama to Mississippi. But there are many statutes that are not literally applied, because if applied literally a result would be reached far removed from the purpose of the legislation. See Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249; Fullerton v. Lamm, Or., 163 P.2d 941.

I don't think Congress intended in passing the National Stolen Property Act to put the federal courts in the bad check business.[2] I need only say in passing that the states could indict this man if he has, as alleged, written bad checks. So, when we restrict the application of the Federal Statute, we don't necessarily turn a man loose who has done wrong. We just say we won't extend federal jurisdiction to cover that type of case.

Because this is a removal case I want to comment on Rule 40 of the Proposed Rules of Criminal Procedure, which, if Congress does not act, will become law three months after adjournment of the present session. This Rule changes the old practice and hereafter makes an indictment rendered in another district conclusive on judges

---

[1] The Removal Statute:

"For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any United States commissioner, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any State where he may be found, and agreeably to the usual mode of process against offenders in such State, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. * * * Where any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had." 18 U.S.C.A. § 591.

[2] See the late case of Sheridan v. United States, 6 Cir., 152 F.2d 57, holding that the clearing of a check between interstate banks is not "transportation." See also the recent restrictive interpretation of the Federal Kidnaping Act, 18 U. S.C.A. § 408a, in Chatwin v. United States, 66 S.Ct. 233.

everywhere. If this Rule becomes a law the Government's presentation of an indictment and identification of the defendant would foreclose further inquiry.[3]

Now I read from the Preliminary Draft of the Rules, on page 140:

"Some district courts in a removal hearing, even in a case based on an indictment, permit a defendant to introduce evidence to prove that he is not guilty. Such courts in effect review the action of the grand jury of the district in which the prosecution is pending, although the court in the latter district has no such power."

And in this last pamphlet that has been gotten out, entitled "Notes to the Rules of Criminal Procedure for the District Courts of the United States," issued by the Government Printing Office in March, 1945, under discussion of the proposed Rule 40, on page 31 it is said:

"Since the action of the grand jury is not subject to review by a district judge in the district in which the grand jury sits it seems illogical to permit such review collaterally in removal proceedings by judges in another district."[4]

The strange thing about both of those statements is that the men who make them have in other parts of the proposed rules strengthened and enlarged the authority of courts to go behind indictments in the districts where they are brought. Without going into the detail of what those new provisions are—they are in the proposed rules and speak for themselves. See Rule 61.

All I can say, in reply to the rule makers about their proposed Rule 40, is that they would well have hesitated before making such radical change in the removal practice that has been built up in this country over a period of more than one hundred and fifty years, and which has become settled law, including three or four seasoned decisions in the United States Supreme Court, among them Tinsley v. Treat, 1907, supra; United States ex rel. Hughes v. Gault, 1926, 271 U.S. 142, 46 S.Ct. 459, 70

L.Ed. 875; United States ex rel. Kassin v. Mulligan, 1935, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501.

Personally, I don't think there is anything in the problem of dealing with federal crime and federal offenders that requires such a strict rule as proposed; it is not just a routine matter, by a whole lot, to a defendant and to his family to be arrested on a charge brought two thousand miles away, as in this case, and asked to go back to answer something that may not hold up.[5]

The discretion which, during all the country's history, it has been thought wise to leave in the hands of the judge before whom the removal proceedings are conducted—to inquire into the circumstances, if they seem to call for inquiry—should not be so lightly taken away by a rule. When a man is arrested at one side of the country and charged with an offense on the other side, he ought to have leeway to make some showing about the facts, without being dragged, willy-nilly, across the country, among strange people, crippled financially, there for the first time afforded a chance to do something in the way of defending himself.

I should have quoted further from the rule makers from page 140 of the Preliminary Draft:

"Under the proposed rule, if the prosecution is based upon an indictment, appearance on the face of the indictment of lack of jurisdiction would not constitute an adequate basis for denial by a district judge of an application for a warrant of removal."

I admire the frankness of the man who wrote that, but I don't think much of his sense of justice. I commend as required reading to any one interested in this subject the Historic "Political Removal" cases of In re Dana, Editor of the New York Sun, 1873, Fed.Cas.No.3,554, 7 Ben. 1, discussed in Cooley on Constitutional Limitations, 7th Ed., p. 459, note 2, and United States v. Smith, D.C.1909, 173 F. 227.

---

[3] Rule 40. Commitment to Another District; Removal.

\* \* \* \* \* \* \*

(b) Arrest in Distant District.

\* \* \* \* \* \* \*

(3) Hearing; Warrant of Removal or Discharge. \* \* \* If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment. \* \* \*

[4] This is sophistry.

[5] The defendant was once removed from this district on complaint for the same charge on which his removal is now sought by indictment. Defendant was not detained in Alabama after his delivery there by our marshal.