## SINGLETON v. BOTKIN.

### No. 3022.

District Court of the United States for the District of Columbia.

March 25, 1946.

James J. Laughlin, of Washington, D. C., for petitioner.

Edward M. Curran, U. S. Atty. for the District of Columbia, and Joseph F. Lawless, Jr., Asst. U. S. Atty., both of Washington, D. C., opposed.

HOLTZOFF, Justice.

This is a petition for a writ of habeas corpus to review a warrant ordering the removal of the petitioner from this district to the Eastern District of Louisiana to answer an indictment charging him with transporting in interstate commerce a falsely made draft in the sum of $1,158 in violation of the United States Code, Annotated, Title 18, Section 415.

It is contended by the petitioner that the indictment does not set forth an offense in that the amount of the draft is less than $5,000. It is argued that the $5,000 limitation contained in this statute relates to transportation in interstate commerce of a falsely made security.

The new Federal Rules of Criminal Procedure became effective on March 21, 1946. Rule 59 provides that the new rules govern all criminal proceedings thereafter commenced and, so far as just and practicable, all proceedings then pending. It is proper, therefore, to apply the new Federal Rules of Criminal Procedure to the present proceeding.

Rule 40 of the new Federal Rules of Criminal Procedure governs removals from one district to another. Subsection (b), paragraph (3), of that rule provides, in effect, that an indictment shall constitute conclusive proof of reasonable cause. It is otherwise if the removal is sought on the basis of a complaint or information. In this case the defendant has been indicted in the district to which it is desired to remove him. Consequently, this Court is precluded from reviewing the question of probable cause, or considering the sufficiency of the indictment.

Even if, however, this were an open question and this Court were free to consider the points raised, this Court would hold that the indictment is sufficient. The Act known as the National Stolen

174

Property Act was originally limited to transportation in interstate or foreign commerce of any property, securities, or money of the value of $5,000 or more theretofore stolen. This statute was amended by the Act of August 3, 1939, to cover the transportation in interstate or foreign commerce of any falsely made, forged, altered, or counterfeited securities. The $5,000 limitation is not included in the provision added by the amendment. It could not very well be, because a forged, altered, counterfeited, or falsely made security has no value whatever. That is one of the reasons why the $5,000 limitation was omitted from the new provision. In view of this circumstance, I reach the conclusion that the indictment is sufficient as a matter of law, even if this question were open for determination in this proceeding.

It is my view that the forum in which the question of the sufficiency of the indictment should be raised is the court in which the case is to be tried rather than the court for the district in which the defendant has been apprehended.

I may add another observation. It is a frequent practice to obtain writs of habeas corpus for the purpose of reviewing a warrant of removal. This practice arose many years ago, when an appeal could be taken from an order dismissing the writ. A warrant of removal is not appealable, and therefore, in order to secure a determination by an appellate court, the practice arose of applying for a writ of habeas corpus either during the pendency of an application for a warrant of removal or immediately after the warrant of removal was issued, and then appealing from the order dismissing the writ. Several years ago, however, the Congress abolished the right of appeal from an order dismissing a writ of habeas corpus obtained to review a warrant of removal.* Consequently, no object is now served by petitioning for a writ of habeas corpus in a removal proceeding, since the points that are raised in such a petition can be considered on the hearing of the application for a warrant of removal, the jurisdiction of the court being equally broad in both instances.

The Court will deny the petition, dismiss the writ, and remand the petitioner for appropriate proceedings under the warrant of removal.

---

* Act of June 29, 1938, 52 Stat. 1232, U.S.C.A., Title 28, § 463(a), proviso.