**HEMANS v. MATTHEWS.**
No. 3088.

District Court of the United States for the District of Columbia.
Sept. 26, 1946.

O. R. McGuire, of Washington D. C., for petitioner.

Edward M. Curran, U. S. Atty., and Edward Molenof, Asst. U. S. Atty., both of Washington, D. C., for United States.

HOLTZOFF, Associate Justice.

 Under the new Criminal Rules, if the basis on which removal is sought is an indictment in another district, the indictment constitutes conclusive proof of reasonable cause, and the only matter left open is the issue of identity, namely, whether the person sought to be removed is the person named in the indictment.[1] One of the purposes of this modification in removal procedure, was to preclude what would amount to a trial on the merits of the charge contained in the indictment, or a determination of the sufficiency of the indictment in a removal proceeding. In the light of these considerations, the constitutionality of the Act of Congress, under which this petitioner has been indicted, is not open for consideration in this proceeding, and may not be determined by this Court at this juncture. The point may be raised at the trial on the indictment, and may be tested in case of conviction by an appeal to the Circuit Court of Appeals from the judgment of conviction.

 If, however, this question were open, the Court would reach the conclusion that the statute is constitutional. The petitioner has been indicted under Section 408e (2) of Title 18 of the United States Code Annotated, and is charged with traveling in interstate commerce from Michigan to the District of Columbia with intent to avoid giving testimony in a criminal proceeding pending in a State court in Michigan. The Act of Congress makes such travel a crime against the United States.

 It is well settled by a line of decisions of the Supreme Court that in regulating interstate commerce Congress has authority to exclude specified classes of persons from traveling in channels of interstate commerce or to bar the use of facilities for enumerated purposes. For example, under the White Slave Traffic Act, 18 U.S.C.A. § 397 et seq., it is illegal for any one to transport a woman in interstate commerce for immoral purposes.[2] Under the Pure Food and Drug Act, 21 U.S.C.A. § 1 et seq., it is illegal to use channels of interstate commerce for adulterated or misbranded food or drugs.[3] Under the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, it is illegal to use facilities of interstate commerce for transportation of stolen automobiles, knowing them to have been stolen.[4] Numerous other examples might be adduced.[5] In this instance, Congress made it a criminal offense to travel in interstate commerce for the purpose of avoiding the giving of testimony in a criminal proceeding pending in a State Court. No distinction in principle is discernible between the statute here in question and the other Acts that I have enumerated.

 Moreover, it must be borne in mind that there is a strong presumption of constitutionality of a legislative enactment. A person who challenges the validity of a statute, as has been held time and time again by the Supreme Court, carries a heavy burden in demonstrating its repugnancy to the Constitution. Particularly is this the case when such a challenge is advanced in a trial court, for certainly it seems to me that it hardly behooves a trial judge to declare an Act of Congress unconstitutional unless the invalidity of the Act is established palpably and beyond doubt.

In the light of these considerations, I shall dismiss the writ.

---

[1] Rule 40.

[2] Hoke v. United States, 227 U.S. 308, 33 S.Ct. 281, 57 L.Ed. 523, 43 L.R.A., N.S., 906, Ann.Cas.1913E, 905.

[3] Seven Cases of Eckman's Alternative v. United States, 239 U.S. 510, 36 S.Ct. 190, 60 L.Ed. 411, L.R.A.1916D, 164.

[4] Brooks v. United States, 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699, 37 A.L.R. 1407.

[5] Lottery Case, 188 U.S. 321, 23 S.Ct. 321, 47 L.Ed. 492; United States v. Hill, 248 U.S. 420, 39 S.Ct. 143, 63 L.Ed. 337; Thornton v. United States, 271 U.S. 414, 46 S.Ct. 585, 70 L.Ed. 1013; Opp Cotton Mills v. Administrator of Wage and Hour Division of Department of Labor, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624; United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430.