## UNITED STATES v. BESSIE et al.
### Nos. 2130–2139.

District Court, S. D. California, Central Division.
Dec. 12, 1947.

James M. Carter, U. S. Atty., and Ernest A. Tolin, Asst. U. S. Atty., both of Los Angeles, Cal., for plaintiff.

Robert W. Kenny, Charles J. Katz, and Ben Margolis, all of Los Angeles, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

The above named defendants were arrested in the Southern District of California and are before this Court for hearing of the Government's petition for warrant of removal to the District of Columbia in which district the defendants have been indicted.

The Indictment reads as follows:

"Pursuant to Public Law No. 601, Section 121, of the 79th Congress, (Ch. 753—2d Session), and House Resolution 5 of the House of Representatives of the United States, 80th Congress, dated January 3, 1947, the House of Representatives was empowered to and did create the Committee on Un-American Activities, having duties and powers as set forth in said Public Law.

"———, having been summoned as a witness by the authority of the House of Representatives of the United States to give testimony upon a matter under inquiry before the Committee on Un-American Activities of the said House of Representatives, and having appeared before the said Committee at its session within the District of Columbia on October 29, 1947, refused to answer a question put to him by the Committee, namely, whether or not he was a member of the Screen Writers Guild, which question was a question pertinent to the question under inquiry.

"Second Count:

"The Grand Jury incorporates herein the first paragraph of Count One.

"———, having been summoned as a witness by the authority of the House of Rep-resentatives of the United States to give testimony upon a matter under inquiry before the Committee on Un-American Activities of the said House of Representatives, and having appeared before the said Committee at its session within the District of Columbia on October 29, 1947, refused to answer a question put to him by the Committee, namely, whether or not he was or had ever been a member of the Communist Party, which question was a question pertinent to the question under inquiry."

Each defendant is named separately in separate indictments: "——— having been summoned," etc.

The statute under which the defendants are prosecuted is Title 2 U.S.C.A. § 192:

"Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months. As amended June 22, 1938."

The applicable section is Rule 40 of The New Rules of Criminal Procedure, 18 U.S. C.A. following section 687. These rules became effective on March 21, 1946. Subdivision 3 of Paragraph (b) of Rule 40 is as follows:

"Hearing; Warrant of Removal or Discharge.

"The defendant shall not be called upon to plead. If the defendant waives hearing, the judge shall issue a warrant of removal to the district where the prosecution is pending if the defendant does not waive hearing the commissioner or judge shall hear the evidence. If the commissioner hears the evidence he shall report his findings and recommendations to the judge. At the hearing the defendant may cross-examine witnesses against him and may intro-

duce evidence in his own behalf. If it appears from the commissioner's report or from the evidence adduced before the judge that sufficient ground has been shown for ordering the removal of the defendant, the judge shall issue a warrant of removal to the district where the prosecution is pending. Otherwise he shall discharge the defendant. *If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment.* If the prosecution is by information or complaint, a warrant of removal shall issue upon the production of a certified copy of the information or complaint and upon proof that there is probable cause to believe that the defendant is guilty of the offense charged. If a warrant of removal is issued, the defendant shall be admitted to bail for appearance in the district in which the prosecution is pending in accordance with Rule 46. After a defendant is held for removal or is discharged, the papers in the proceeding and any bail taken shall be transmitted to the clerk of the district court in which the prosecution is pending." (Italics supplied)

The italicized portion of the rule is the part on which counsel for the Government and the defendants request a ruling by the Court.

We are not concerned where a defendant is prosecuted upon information or complaint. The present prosecution is upon indictment, by a Grand Jury in the District of Columbia.

Judge Leon R. Yankwich of this Court published "The New Federal Rules of Criminal Procedure" with his commentary (Parker & Co. Los Angeles). With reference to the particular rule applicable in the matter before this Court, the distinguished jurist said:

"* * * proof of identity coupled with a certified copy of the indictment will be sufficient, as the indictment will be conclusive proof of probable cause. The distinction is based on the fact that in case of an indictment, the grand jury, which is an arm of the court, has already found probable cause. Since the action of the grand jury is not subject to review by a district judge in the district in which the grand jury sits, it seems illogical to permit such review collaterally in a removal proceeding by a judge in another district."

The Second Preliminary Draft, Federal Rules of Criminal Procedure, published in 1944 and prepared by the Advisory Committee on Rules of Criminal Procedure appointed by the Supreme Court, commented upon the limited proof required in a removal proceeding where prosecution was by indictment, as follows (Page 152):

"* * * The provision that proof of identity and production of a certified copy of the indictment constitute conclusive and mandatory grounds for the issuance of a warrant of removal changes the present law under which a certified copy of the indictment is only prima facie evidence of probable cause."

For discussions of this rule, see Homer Cummings, 29 A.B.A.Jour. 654, 656; Reform of Federal Criminal Procedure, Holtzoff, 3 F.R.D. 445, 450-452; Holtzoff, 12 George Washington L.R. 110, 127-130; Holtzoff, The Federal Bar Journal, October 1944, 18-37; Berge, 42 Mich. L.R. 353, 374; Medalie, 4 Lawyers Guild R. (3) 1, 4. See also Henry v. Henkel, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203; Rumely v. McCarthy, 250 U.S. 283, 39 S.Ct. 483, 63 L.Ed. 983.

■ All of the above named defendants appeared before the Court and, as each name was called by the Clerk of Court, each defendant identified himself as the person named in the Indictment. This complied with the rule, obviating any further testimony as to the identity of the defendant.

■ A certified copy of each indictment was presented to the Court and service by the United States Marshal was established by the Marshal's notation that the warrants had been served. The Court examined the indictments and the warrants which showed service on their face, and there was no objection on the part of the defendants to the Court considering these instruments.

It was agreed by all counsel that the Court should first consider the pertinent part of Rule 40, as indicated above, and if the Court found that this section warranted removal, then it was unnecessary to consider the Constitutional questions and the

sufficiency of the indictments, which questions were not argued to the Court. The Court agreed to hear such arguments if it found in favor of the contention of defendants.

Up to the present time there has been no ruling on this section of the new criminal rules of federal procedure by the Supreme Court of the United States. There are, however, several District Court rulings.

In Singleton v. Botkin, D.C., 1946, 5 F.R. D. 173, the court said: .

"Rule 40 of the new Federal Rules of Criminal Procedure governs removals from one district to another. Subsection (b), paragraph (3), of that rule provides, in effect, that an indictment shall constitute conclusive proof of reasonable cause. It is otherwise if the removal is sought on the basis of a complaint or information. In this case the defendant has been indicted in the district to which it is desired to remove him. Consequently, this Court is precluded from reviewing the question of probable cause, or considering the sufficiency of the indictment."

And 5 F.R.D. on page 174:

"It is my view that the forum in which the question of the sufficiency of the indictment should be raised is the court in which the case is to be tried rather than the court for the district in which the defendant has been apprehended."

In Hemans v. Matthews, D.C., 1946, 6 F. .R.D. 3, at page 4, Id., 81 U.S.App.D.C., 417, 158 F.2d 9, the court said:

"Under the new Criminal Rules, if the basis on which removal is sought is an indictment in another district, the indictment constitutes conclusive proof of reasonable cause, and the only matter left open is the issue of identity, namely, whether the person sought to be removed is the person named in the indictment. One of the purposes of this modification in removal procedure, was to preclude what would amount to a trial on the merits of the charge contained in the indictment, or a determination of the sufficiency of the indictment in a removal proceeding. In the light of these considerations, the constitutionality of the Act of Congress, under which this petitioner has been indicted, is not open for consideration in this proceeding, and may not be determined by this Court at this juncture. The point may be raised at the trial on the indictment, and may be tested in case of conviction by an appeal to the Circuit Court of Appeals from the judgment of conviction."

The petition for warrant of removal filed by the United States Attorney against each of the defendants above named, is granted, and the United States Marshal for the Southern District of California and his Deputies are ordered to deliver to the United States Marshal for the District of Columbia, or some other proper officer authorized to receive the defendants, each of the defendants above named, there to be dealt with according to law.