Petition of Fred William Fuchshuber
HESSE, Petitioner,

v.

UNITED STATES of America.

No. 60-M-764.

United States District Court
E. D. New York.

Sept. 27, 1960.

Edward S. Friedland, New York City, for petitioner.

Cornelius W. Wickersham, Jr., U. S. Atty., by Dominick L. DiCarlo, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

RAYFIEL, District Judge.

The above-named petitioner has moved for a preliminary injunction restraining his removal to New Hampshire to plead to an indictment returned in the United States District Court for that district, charging him and others with violating Sections 371 and 1341 of Title 18, and Sections 77q(a), 77e(a) (1), 77e(a) (2) and 77e(c) of Title 15 of the U.S.C.A., and for the convening, pursuant to Sections 2282 and 2284 of Title 28 of said Code, of a three-judge court to determine the constitutionality of a venue provision of Section 77t(b) of Title 15.

Section 77t(b) authorizes the Attorney General to institute proceedings for the prosecution of violators of the aforementioned sections of Title 15, and provides, further, that "Any such criminal

proceeding may be brought either in the district wherein the transmittal of the prospectus or security complained of begins, *or in the district wherein such prospectus or security is received."* (Emphasis added.)

The petitioner contends that the provisions of Section 77t(b) are repugnant to the Constitution of the United States, more particularly to Article 3, § 2, Clause 3, and Amendment VI thereof.

Article 3, § 2, Clause 3 reads, in pertinent part, as follows: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; * * *."

Amendment VI provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, *which district shall have been previously ascertained by law,* * * *." (Emphasis added.)

It is the petitioner's claim that the acts alleged to have been violative of the aforementioned sections of Title 15 were committed, if at all, in the Southern District of New York, and not in New Hampshire, and, accordingly, that he is entitled to an order enjoining his removal to New Hampshire to answer the charges contained in the aforementioned indictment. Counts 1 to 10, inclusive, and 17 to 21, inclusive, charge violations of various sections of Title 15; Counts 11 to 16, inclusive, involve Section 1341 of Title 18 (Mail Fraud); and Count 22 charges the petitioner and others with conspiracy, in violation of Section 371 of Title 18.

Rule 18 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., under the heading "Venue", reads as follows:

*"Except as otherwise permitted by statute* or by these rules, the prosecution shall be had in a district in which the offense was committed, * * *." (Emphasis added.)

■ Specific statutory provision is made for the venue of the prosecution of the crimes charged in Counts 1 to 21, inclusive. As aforementioned, Section 77t(b) authorizes prosecution of the counts involving Title 15 (Counts 1 to 10 and 17 to 21) in the district wherein the prospectus or security *is received,* and the indictment contains averments to the effect that many were received in New Hampshire.

■ Counts 11 to 16, inclusive, charge violations of Section 1341, supra, which fixes no place for prosecution. Venue as to those counts is governed by Section 3237(a) of Title 18, which reads as follows:

"§ 3237. *Offenses begun in one district and completed in another*

"(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

"Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves.

"(b) * * *."

Counts 11 to 16, inclusive, contain the averments necessary to bring them within the statute. Hence, New Hampshire would be *a* proper venue for the trial of those counts.

■ It is well established that venue of the trial of an indictment charging conspiracy will lie in any district where an overt act was committed. See Hyde v. U. S., 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114.

It is my belief, therefore, that the petitioner and his co-defendants *may* be prosecuted in New Hampshire.

The petitioner claims that of the 25 individual defendants 20 reside in the Greater New York area, 2 in California

and 3 in Canada; that three of the five corporate defendants are New York corporations and the remaining two Canadian. He argues that a trial in New Hampshire, so remote from the homes and businesses of the defendants, would subject them to serious physical hardship and financial burden.

He relies chiefly on the cases of United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236, and United States v. Cashin, 281 F.2d 669, decided by the Court of Appeals of this Circuit on August 18, 1960, to support his several contentions.

The Johnson case involved the construction of The Federal Denture Act of 1942, Title 18 U.S.Code, Section 420(f), (g) and (h), now, with some changes, Section 1821 of said Title. Section 420 made it unlawful to use the mails or any instrumentality of interstate commerce *to send or to bring into* another state a denture the case of which was taken by a person not licensed to practice dentistry in the state into which it was sent. An information was filed in the United States District Court of Delaware charging that Johnson, in violation of said Act, had put such a denture into the mails in Chicago, Illinois, for delivery in Delaware. Johnson moved, *in Delaware,* to quash the information on the ground that prosecution could be had only where the illegal dentures *were deposited,* that is, in Illinois. His motion was granted and the Government appealed directly to the Supreme Court under the Criminal Appeals Act, Title 18, U.S.Code, 1940 ed., Section 682, now Section 3731 of said Title. The Supreme Court affirmed the judgment of the District Judge, basing its decision on what it referred to as the significant absence in the Federal Denture Act of a provision for trial in any district *through* which the goods were shipped. Mr. Justice Frankfurter, who delivered the opinion of the Court, said, 323 U.S. at pages 274–275, 65 S.Ct. at page 250,

"Must these appellees be tried in the Northern District of Illinois or may they be tried in the district of any State through which the dentures were carried including Delaware, the place of delivery? *Has Congress authorized such discretion in the enforcement of this Act? If it has, there is an end to the matter, for Congress may constitutionally make the practices which led to the Federal Denture Act triable in any federal district through which an offending denture is transported.* Armour Packing Co. v. United States, 209 U.S. 56, 28 S.Ct. 428, 52 L.Ed. 681. An accused is so triable, if a fair reading of the Act requires it. But if the enactment reasonably permits the trial of the sender of outlawed dentures to be confined to the district of sending, and that of the importer to the district into which they are brought, such construction should be placed upon the Act."

The Johnson case, then, so far as it involves statutory provisions for venue, is clearly distinguishable from the instant case.

United States v. Cashin involved an application by the Government for a writ of mandamus or prohibition to prevent the transfer of an indictment charging various violations of the Securities Act, Title 15, U.S.C.A., from the Southern District of New York, where it was filed, to the Southern District of Alabama, to which Judge Cashin had directed that it be transferred for trial. Judge Cashin's decision was based on his finding that the crimes charged in the indictment were committed both in Alabama and New York, that under the provisions of Section 3237(a), supra, trial is proper in Alabama, and, further, that it would be "in the interest of justice" to try the case there. As Chief Judge Lumbard stated in United States v. Cashin, "The government's petition does not challenge the district judge's determination that the transfer would be in the interest of justice." The Government argued, instead, that the crimes charged were committed solely in New York, and, accordingly, that Judge Cashin was without power to transfer the indictment. The Government's bill of particulars, however, disclosed that the fraudulent

scheme charged in the indictment was formed and partly executed in the Southern District of Alabama.

Rule 21(b) of the Federal Rules of Criminal Procedure provides, with respect to an offense committed in two or more districts or divisions, that "The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars *that the offense was committed in more than one district or division and* if the court is satisfied that *in the interest of justice* the proceeding should be transferred to another district or division in which the commission of the offense is charged."

■■ Both the United States v. Johnson, supra, so far as it relates to the provisions of the Constitution hereinabove referred to, (see pages 275, 276 of 323 U.S., at page 250 of 65 S.Ct.) and United States v. Cashin, supra, are authority for the principle that an indictment or information charging the commission of a crime in more than one district *may, in the interest of justice,* be removed from the district in which the indictment was returned or the information filed to another district in which the offense was committed. It will be noted, however, that in both cases the motions to transfer were made in the District of Delaware and the Southern District of New York, respectively, the districts in which the information was filed or the indictment returned. The instant application should have been made in the District Court of New Hampshire, since this Court, it would seem, is without jurisdiction to pass upon it.

■ As to the petitioner's application under Sections 2282 and 2284, supra, he has failed to make a sufficiently clear showing therefor to justify the convening of a three-judge court. No *substantial* constitutional question has been presented respecting the statute involved, so far as it permits the prosecution of the defendants in New Hampshire. Judge Friendly, in the case of Bell v. Water-

front Commission, 279 F.2d 853, at page 858, set forth the rule enunciated by the Supreme Court as to when a question is insubstantial. "The Supreme Court has held that a question is insubstantial if 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy,' Hannis Distilling Co. v. City of Baltimore, 1910, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482."

The motion is in all respects denied.

Settle order on notice.