**O. L. DAILEY, Jr., et al., Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16661.**

United States Court of Appeals
Eighth Circuit.

Jan. 12, 1961.

Harry E. McDermott, Jr., Little Rock, Ark., for appellants.

James W. Gallman, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The three appellants here, who are residents of the Eastern District of Arkansas, and other defendants were charged by indictment in the District of North Dakota with having devised a scheme or artifice to defraud and having used the mails in attempts at executing it, in violation of 18 U.S.C. § 1341. The indictment consisted of 33 counts, each alleging a distinct act of such mail use on the part of all defendants.

The Government made application to the District Court for the Eastern District of Arkansas for a warrant of removal against appellants to the District of North Dakota. Appellants filed a motion to have the court grant them a hearing on and to have it make examination into whether probable cause had existed for the return of the indictment, and as an incident of such an inquiry to have the court require the Government to make available the minutes of the Grand Jury from the District of North Dakota for the court's inspection.

After a hearing on appellants' motion, the court refused to order the Government to make available the grand jury minutes and also refused otherwise to engage in any inquiry into the question of probable cause for the indictment. Thereafter, upon a production by the Government of a certified copy of the indictment and of proof sufficient on the record before us to establish that appellants were

the persons named in the indictment, the court entered an order of removal against appellants. It stayed the operation of the order, however, for a limited period of time to enable appellants to take an appeal.

Upon the filing of a notice of appeal, a docketing of the case in this Court and the making of an application to us for a further stay of the removal order, we directed that the appeal be set down summarily for hearing on the merits. After such hearing, we on the same day dismissed the appeal as being frivolous, denied the application for a further stay of the court's removal order, and ordered the immediate issuance of mandate, with a reservation of the right to make subsequent filing of this Per Curiam in indication of the reasons for our action.

Rule 40(b) (3), Fed.Rules Cr.Proc., 18 U.S.C.A., contains different prescriptions as to the issuance of warrants of removal, depending on whether the prosecution rests on an information or complaint or on an indictment. "If the prosecution is by information or complaint, a warrant of removal shall issue upon the production of a certified copy of the information or complaint and upon proof that there is probable cause to believe that the defendant is guilty of the offense charged." In the case of an indictment, however, the rule provides: "If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment."

Hence, no right legally to a hearing on probable cause in a removal proceeding as to a prosecution by indictment can be claimed to exist, unless such a hearing constitutes a matter of due process and the failure of Rule 40(b)(3) to make provision therefor thus violates the Fifth Amendment. But such a contention of implication of due process and deprivation thereof clearly would be frivolous under the declarations which have been made by the Supreme Court.

Long before the Federal Rules of Criminal Procedure were adopted, the Supreme Court had said: "Removal from one Federal District to another * * * is unlike extradition or interstate rendition, in that the protection owed by a sovereign to those within its territory is not involved. * * * There is no constitutional right to a hearing in advance of removal." United States, ex rel. Kassin v. Mulligan, 295 U.S. 396, 399, 400, 55 S.Ct. 781, 782, 79 L.Ed. 1501. See also United States, ex rel. Hughes v. Gault, 271 U.S. 142, 149, 46 S.Ct. 459, 70 L.Ed. 875, and Beavers v. Henkel, 194 U.S. 73, 87, 24 S.Ct. 605, 48 L.Ed. 882, in which the statutory provisions existing previous to the Rules of Criminal Procedure were involved.

The constitutionality of the provision in Rule 40(b)(3) here involved was expressly considered and upheld in Binion v. United States, D.C.Nev., 13 F.R.D. 238, 241, 242; appeal declared frivolous, 9 Cir., 201 F.2d 498, 499; certiorari denied 345 U.S. 935, 73 S.Ct. 796, 97 L.Ed. 1363; rehearing denied 345 U.S. 961, 73 S.Ct. 937, 97 L.Ed. 1381. Other cases have also specifically refused to examine the question of probable cause in any way in proceedings for removal as to a prosecution by indictment. Singleton v. Bokkin, D.C. D.C., 5 F.R.D. 173; Hemans v. Matthews, D.C.D.C., 6 F.R.D. 3, 4; United States v. Bessie, D.C.S.D.Cal., 75 F. Supp. 95; United States v. Bishop, D.C. Or., 76 F.Supp. 866, 868. See also Holtzoff, Removal of Defendants in Federal Criminal Procedure, 4 F.R.D. 455, 468.

Appellants argue, however, that though the rule be constitutional, and that while the language of the rule is patently clear, there nonetheless is implicit under it a discretionary power and obligation in the District Court to hold a hearing on whether a particular removal involves circumstances of gross injustice or unfairness and to deny a removal on this basis. They contend that the present situation was of this nature, and that the court abused its discretion and obligation in refusing to make examination of it. United States v. Parker, D.C.D.C., 14 F. R.D. 146, and United States v. Johnson,

D.C.Or., 63 F.Supp. 615, are relied upon in support of this contention.

In the Parker case, the court regarded the application for a warrant of removal, at the particular time and in the immediate circumstances in which it was made, as constituting an undue personal harassment and as thus amounting to an abuse of the removal process. The indictment had been returned more than four years previously. The removal defendant had appeared for trial eleven times in the district where the charge was pending, and each time the case had been continued. The Government was not seeking to have him removed for the purpose of having him make answer to the charge or stand trial thereon but simply to subject him to a mental examination. The court said: "The end of removal is * * * prosecution. On the present record it appears defendant has not in anywise attempted to frustrate prosecution by dilatory tactics, but has been willing to appear for trial at all times. Indeed he now asserts he is willing to appear for trial when one is assured. On the present record, this Court, being advised the prosecution even at this late date, four years after indictment, simply seeks to determine defendant's mental ability to stand trial without any assurance of early trial, and being of opinion that under these circumstances the defendant would be unduly harrassed [sic], the application for warrant of removal will be denied." 14 F.R.D. at pages 147 and 148.

In the Johnson case, the court refused to issue a warrant for the removal of a defendant from Oregon to the District of Columbia to answer an indictment for the offense of nonsupport of his wife and children under the laws of the District of Columbia. The court said: "In the absence of any prior construction of this statute by the courts of the District of Columbia, I hold that the crime of nonsupport was not committed by this defendant in the District of Columbia between January 1 and July, 1945, as alleged in the indictment, because during none of that time was the defendant in the District of Columbia. And in so holding I claim the right, contrary to the rubber-stamp theory, to construe the statute and go behind the indictment and deal with the facts as they really are * * *." 63 F.Supp. at page 618. It should be noted that this decision was prior to the effective date of the Federal Rules of Criminal Procedure.

But we need not decide whether, under Rule 40(b) (3), a court has the right to engage in any proceedings on a removal application, except to have a certified copy of the indictment produced before it and to have proof made that the defendant is the person named in the indictment. If any implicit right to engage in a further examination can be argued to exist, it cannot in any way be as to the matter of probable cause but at most simply a question of legal abuse of the removal process in itself.

This manifestly involves a most tenuous line, and the immediate situation cannot be argued to be within it. What appellants sought the opportunity to prove was that it was not possible for them to have had a part in the acts charged in 22 of the 33 counts of the indictment, because these acts had occurred before they had had "any association at all" with the corporations whose operations were involved. This merely related to the question of their innocence or guilt factually. Beyond this, and in any event, there still remained 11 counts in which the acts charged had occurred subsequent to appellants' association with the corporations.

In what we have said, we again emphasize that we intend no implication that a question of abuse of removal process in itself, lying outside the realm of probable cause as such, may perhaps be open to consideration in a removal proceeding. As we have stated, it is not necessary to consider that question, for it is not involved under the circumstances which were sought to be proved; and further, if the right to engage in such an examination could exist, its exercise would be a matter entirely for the trial court's discretion. The court could not

be required to engage in it, we think, unless it saw fit. Again, as previously stated, no pure abuse of removal process could be claimed to be present on the circumstances which appellants claimed, since there were in any event 11 counts that fall within the time when appellants admittedly were associated with the corporations.

The motion of appellants for a stay of the operation of the trial court's removal order is denied, and the appeal is dismissed as being frivolous.