**UNITED STATES of America**

**v.**

**Harry WINSTON, Defendant.**

**No. M. 19–43.**

United States District Court
S. D. New York.

Feb. 23, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Robert L. Latchford, New York City, of counsel, for plaintiff.

Richard Kuh, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

On August 11, 1966, an indictment (No. 01210) was filed in the United States District Court for the District of Nebraska, charging the defendant in sixteen counts of violations of Title 18 U.S.C. § 1084 (1964) [1] (transmission of wagering information) and in eighteen counts of violations of Title 18 U.S.C. § 1952 [2] (interstate transportation in aid of racketeering enterprises).[3] A bench

1. Title 18, United States Code, Section 1084, reads in pertinent part as follows:

(a) Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate or foreign commerce of bets or wagers or information assisting in the placing of bets or wagers on any sporting event or contest, or for the transmission of a wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers, shall be fined not more than $10,000 or imprisoned not more than two years, or both.

(b) Nothing in this section shall be construed to prevent the transmission in interstate or foreign commerce of information for use in news reporting of sporting events or contests, or for the transmission of information assisting in the placing of bets or wagers on a sporting event or contest from a State where betting on that sporting event or contest is legal into a State in which such betting is legal.

 * * * * *

(d) When any common carrier, subject to the jurisdiction of the Federal Communications Commission, is notified in writing by a Federal, State, or local law enforcement agency, acting within its jurisdiction, that any facility furnished by it is being used or will be used for the purpose of transmitting or receiving gambling information in interstate or foreign commerce in violation of Federal, State or local law, it shall discontinue or refuse, the leasing, furnishing, or maintaining of such facility, after reasonable notice to the subscriber, but no damages, penalty or forfeiture, civil or criminal, shall be found against any common carrier for any act done in compliance with any notice received from a law enforcement agency.

Nothing in this section shall be deemed to prejudice the right of any person affected thereby to secure an appropriate determination, as otherwise provided by law, in a Federal court or in a State or local tribunal or agency, that such facility should not be discontinued or removed, or should be restored.

2. Title 18, United States Code, Section 1952, reads in pertinent part as follows:

(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—

(1) distribute the proceeds of any unlawful activity; or

(2) commit any crime of violence to further any unlawful activity; or

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

(b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics, or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.

3. Within each set of counts, the language is identical, except for the date of the claimed wrongful act. Thus the first sixteen counts all state:

On or about the [date] 1966, HARRY WINSTON, being engaged in the business of betting and wagering, did know-

warrant was issued and the defendant arrested in the Southern District of New York on August 24, 1966; and he appeared before the United States Commissioner on that date, at which time a removal hearing was scheduled for August 31, 1966, and defendant released on his own recognizance. Such hearing having been adjourned, defendant moved this Court on December 12, 1966 for an order directing the United States Commissioner to dismiss the removal proceedings now pending before him because no venue exists with regard to defendant in the District of Nebraska; or, if such order of dismissal be denied, for an order directing the said Commissioner to dismiss the removal proceedings unless the United States Attorney for the District of Nebraska consents to transfer the proceedings from that district to the Southern District of New York.

In support of the instant motion, defendant's attorney has filed an affidavit describing the nature of defendant's business activities that form the basis of the indictment, alleging how further proceedings and trial in the District of Nebraska would prove burdensome and harassing to defendant, and suggesting that it would be unfair to proceed in a district more than 1,150 miles from New York City where defendant physically engaged in the proscribed activities.

Defendant relies upon certain provisions of the United States Constitution (Article III, Section 2, Clause 3; the Fifth Amendment; the Sixth Amendment) [4] and certain of the Federal Rules of Criminal Procedure (Rules 2, 12, 18, 21, 22 and 40).[5] His argument, in es-

---

ingly use a wire communication facility, that is, telephone, for the transmission in interstate commerce from New York, State of New York, within the Southern District of New York, to Omaha, State of Nebraska, within the District of Nebraska, of information assisting in the placing of bets and wagers on sporting events and contests, consisting of information and tips on horse racing in the State of New York, for the purpose that bets or wagers on such races would be made or placed in the State of Nebraska, within the District of Nebraska, where such betting and wagering was illegal.

In violation of Title 18, United States Code, Section 1084.

And the last eighteen counts all state:

On or about the [date] 1966, within the District of Nebraska, HARRY WINSTON, unlawfully, wilfully, and knowingly, did use facilities, to-wit, the United States mail and the telephone, in interstate commerce, from New York, State of New York, within the Southern District of New York, to Omaha, State of Nebraska, within the District of Nebraska, with intent to promote, manage, establish and carry on and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving gambling, in violation of the laws of the State of Nebraska; to-wit, betting and wagering on horse races, said HARRY WINSTON unlawfully, wilfully and knowingly did cause to be performed acts facilitating the carrying on of said unlawful activity.

In violation of Title 18, United States Code, Section 1952.

4. Article III, Section 2, Clause 3, reads in pertinent part as follows:

The Trial of all Crimes * * * shall be held in the State where the said Crimes shall have been committed * * *.

The Fifth Amendment reads in pertinent part as follows:

No person shall * * * be deprived of life, liberty, or property, without due process of law * * *.

The Sixth Amendment reads in pertinent part as follows:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law * * *.

5. Rule 2, Federal Rules of Criminal Procedure, reads as follows:

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the

sence, is that venue does not lie in the District of Nebraska, and that while Rule 40(b) (3) ostensibly requires removal upon presentation of the indictment and proof that the defendant is the person named therein, the legal question of whether venue exists in Nebraska should be resolved herein prior to removal. The balance of his argument is that of *forum non conveniens* in the event Nebraska venue is found. The Government's argument is essentially of a procedural nature, relying on the pro-

visions of Rule 40 as to removal, and on Rule 21 in relation to a transfer of the case from Nebraska to New York.

▮ In view of the constitutional implications raised by defendant, some brief discussion of the relevant authorities may be helpful. It is clear, and defendant recognizes, that the draftsmen of Rule 40(b) (3) intended the indictment to be conclusive on the question of probable cause.[6] The rationale is that "since the action of the grand jury is not subject to review by a district judge in the dis-

elimination of unjustifiable expense and delay.

Rule 12, Federal Rules of Criminal Procedure, reads in pertinent part as follows:

(b) The Motion Raising Defenses and Objections.

(1) Defenses and Objections Which May Be Raised. Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion.

(2) Defenses and Objections Which Must Be Raised. Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant.
\* \* \*

\* \* \* \* \*

(4) Hearing on Motion. A motion before trial raising defenses or objections shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. \* \* \*

Rule 18, Federal Rules of Criminal Procedure, reads as follows:

Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses.

Rule 21, Federal Rules of Criminal Procedure, reads in pertinent part as follows:

(b) Transfer in Other Cases. For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one

or more of the counts thereof to another district.

Rule 22, Federal Rules of Criminal Procedure, reads as follows:

A motion to transfer under these rules may be made at or before arraignment or at such other time as the court or these rules may prescribe.

Rule 40, Federal Rules of Criminal Procedure. reads in pertinent part as follows:

(b) Arrest in Distant District.

(1) Appearance before Commissioner or Judge. If a person is arrested upon a warrant issued in another state at a place 100 miles or more from the place of arrest \* \* \* he shall be taken without unnecessary delay before the nearest available commissioner or a nearby judge of the United States in the district in which the arrest was made.

\* \* \* \* \*

(3) Hearing; Warrant of Removal or Discharge. The defendant shall not be called upon to plead. \* \* \* If the defendant does not waive hearing, the commissioner or judge shall hear the evidence. If the commissioner hears the evidence he shall report his findings and recommendations to the judge. \* \* \* If it appears from the commissioner's report or from the evidence adduced before the judge that sufficient ground has been shown for ordering the removal of the defendant, the judge shall issue a warrant of removal to the district where the prosecution is pending. Otherwise he shall discharge the defendant. If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment. \* \* \*

6. Prior to the Rule, the indictment was only prima facie evidence of probable cause. United States v. Bessie, 75 F. Supp. 95, 97 (S.D.Cal.1947).

trict in which the grand jury sits, it seems illogical to permit such review collaterally in a removal proceeding by a judge in another district." 8 Moore, Federal Practice ¶ 40.04[2], at 40–12— 40–13 n. 14 (Cipes ed. 1966), quoting the comment of the Advisory Committee.[7] Accordingly, the Courts, subsequent to the effective date of the Rule (March 21, 1946), have specifically refused to examine the question of probable cause in any way in removal proceedings based on an indictment. Dailey v. United States, 286 F.2d 62 (8th Cir.), cert. denied, 365 U.S. 827, 81 S.Ct. 714, 5 L.Ed. 2d 706 (1961); United States v. Melekh, 190 F.Supp. 67 (S.D.N.Y.1960); United States v. Provoo, 16 F.R.D. 341 (S.D.N.Y. 1954); United States v. Binion, 13 F.R.D. 238 (D.Nev.1952), appeal dismissed, 201 F.2d 498 (9th Cir.) (per curiam), cert. denied, 345 U.S. 935, 73 S.Ct. 796, 97 L.Ed. 1363 (1953); United States v. Bishop, 76 F.Supp. 866 (D.Or.1948); United States v. Bessie, 75 F.Supp. 95 (S.D.Cal.1947); Hemans v. Matthews, 6 F.R.D. 3 (D.D.C.), 81 U.S. App.D.C. 417 (1946); Singleton v. Botkin, 5 F.R.D. 173 (D.D.C.1946).

 The provisions of Rule 40(b) (3) have been held to be constitutional. Dailey v. United States, supra; Binion v. United States, supra. Indeed, there is no constitutional right to a hearing in advance of removal. United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 399, 400, 55 S.Ct. 781, 79 L.Ed. 1501 (1935); United States ex rel. Hughes v. Gault, 271 U.S. 142, 149, 46 S.Ct. 459, 70 L.Ed. 875 (1926); Dailey v. United States, supra; nor is there a constitutional right to trial at a defendant's place of residence. United States v. Johnson, 323 U.S. 273, 280–281, 65 S.Ct. 249, 89 L.Ed. 236 (1944) (dissenting opinion); Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569 (1910). In addition to the question of probable cause, there are other matters which may not be raised in the removal proceedings. The consti-

tutionality of the statute forming the basis for the indictment may not be considered, United States v. Bessie, supra; Hemans v. Matthews, supra, nor may defendant question the proceedings before the Grand Jury, Beavers v. Henkel, 194 U.S. 73, 87, 24 S.Ct. 605, 48 L.Ed. 882 (1904), even though these would be matters which could properly be considered by a judge in the district where the indictment was returned. Nevertheless, it seems inescapable to me that the judge in a removal proceeding, who performs therein a judicial act, Tinsley v. Treat, 205 U.S. 20, 32, 27 S. Ct. 430, 51 L.Ed. 689 (1907); United States v. Wright, 15 F.R.D. 184 (D. Hawaii 1954); United States v. Parker, 14 F.R.D. 146, 147 (D.D.C.1953); United States v. Chiarito, 69 F.Supp. 317, 319 (D.Or.1946), has no authority to order the removal of a defendant to another district court where the indictment clearly shows, on its face, that no crime was committed in the district to which removal is sought. Tinsley v. Treat, supra; Greene v. Henkel, 183 U.S. 249, 261, 22 S.Ct. 218, 46 L.Ed. 177 (1902); United States ex rel. Starr v. Mulligan, 59 F.2d 200 (2d Cir. 1932); United States ex rel. Brody v. Hecht, 11 F.2d 128 (2d Cir. 1926); United States v. Chiarito, supra; United States v. Hopper, 63 F.Supp. 612 (D.Or.1945). While the latter cases were decided prior to the effective date of the Federal Rules of Criminal Procedure, to presently hold otherwise would, in my opinion, render Rule 40(b) (3) unconstitutional. I reach this conclusion, also, in contradiction of a statement by the rule drafters that "under the proposed rule, if the prosecution is based upon an indictment, appearance on the face of the indictment of lack of jurisdiction would not constitute an adequate basis for denial by a district judge of an application for a warrant of removal." Notes to the Rules of Criminal Procedure for the District Courts of the United States Government Printing Office, March 1945, at 140 (quoted in United States v. Hopper,

---

7. For an interesting and informative treatise on removal proceedings prior to Rule 40, see Holtzoff, Removal of Defendants

in Federal Criminal Procedure, 4 F.R.D. 455 (1945).

supra at 614). Such a holding would, it appears to me, negate the performance of any judicial function and deprive a defendant of his constitutional rights under the authorities hereinbefore referred to. However, I must repeat that the indictment must clearly show lack of venue, not only as to the crime charged, but as to any crime based on the facts alleged. Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509 (1897); United States ex rel. Starr v. Mulligan, supra. If any doubt exists, the question should be resolved in the district in which the indictment was returned. Fetters v. United States ex rel. Cunningham, 283 U.S. 638, 641–642, 51 S.Ct. 596, 75 L.Ed. 1321 (1931); United States ex rel. Tassell v. Mathues, 11 F.2d 53, 54 (3d Cir. 1926); United States v. Stein, 64 F.Supp. 755, 758 (E.D. Mich.1946). And if any of the counts alleged in the indictment are good, removal should be ordered regardless of lack of venue as to the remaining counts. Dailey v. United States, supra, 286 F.2d at 65.

 Since the Court may not look beyond the indictment to determine probable cause, it may not consider "the nature of the defendant's activities" as described in his attorney's affidavit submitted herein. (Kuh Affid. of November 26, 1966, at 4–6.) The sole question is whether, upon the facts alleged in the indictment, the defendant has committed any crime in the District of Nebraska for which venue lies in that district.

 Defendant contends that "transmission" as used in Title 18 U.S.C. § 1084 means "sending" and since such "transmission" or "sending" is alleged in the indictment (first 16 counts) as being from New York, New York, the crime was committed in the Southern

District of New York and not in the District of Nebraska where such transmissions were received. As authority, defendant cites the opinion of a three-judge federal district court in Illinois. Telephone News Sys., Inc. v. Illinois Bell Tel. Co., 220 F.Supp. 621 (N.D.Ill.1963), aff'd per curiam, 376 U.S. 782, 84 S.Ct. 1134, 12 L.Ed.2d 83 (1964). However, two cases have held the offense punishable either in the state from which the transmission was made or where it was received. United States v. Cohen, 35 F.R.D. 227 (N.D.Cal.1964); United States v. Synodinos, 218 F.Supp. 479 (D.Utah 1963). Accordingly, in view of such conflict of authorities it cannot be said that the law is clear as to the proper venue under Section 1084. As already noted, in such circumstances the question should be determined by the Court in the district where the indictment was returned. Furthermore, whatever doubts may exist as to whether venue exists herein in Nebraska under Section 1084, it seems clear that venue exists there under Title 18 U.S.C. § 1952 (last 18 counts of indictment) as broadened by the provisions of § 3237 of that Title. Whereas § 1084 condemns the use of "a wire communication facility for * * * transmission" (which arguably may mean "sending"), § 1952 condemns the use of "any facility * * *[8] including the mail" for certain purposes. Nowhere in the latter section is the "use" limited to "transmission". Clearly such "use" constitutes a "continuing" offense under § 3237 and may be prosecuted in Nebraska. In any event, whatever doubt may exist as to the applicability of § 3237 to § 1952 should be resolved in Nebraska, not in New York.[9]

 In the event that this Court determines that venue exists in Nebras-

---

8. The telephone is a "facility" within the meaning of the statute. United States v. Borgese, 235 F.Supp. 286, 298 (S.D.N.Y. 1964), judgment vacated on other grounds, 372 F.2d 950, 2d Cir., Feb. 21, 1967 (per curiam).

9. In view of the determination reached herein, it is not necessary to consider whether defendant was an aider and abet-

tor in the commission of a crime in Nebraska under Title 18 U.S.C. § 2. United States v. Gillette, 189 F.2d 449 (2d Cir.), cert. denied, 342 U.S. 827, 72 S.Ct. 49, 96 L.Ed. 625, rehearings denied, 342 U.S. 879, 72 S.Ct. 164, 96 L.Ed. 661 (1951), 345 U.S. 945, 73 S.Ct. 827, 97 L.Ed. 1370 (1953); United States v. Kelley, 254 F. Supp. 9, 15 (S.D.N.Y.1966).

ka, defendant in effect seeks a change of venue to the Southern District of New York. In order to accomplish this, he asks this Court to condition non-dismissal of the indictment on transfer of the action to this district by the United States Attorney in Nebraska. While this is a novel approach, authority for which defendant finds in Rules 2, 21(b) and 22 of the Federal Rules of Criminal Procedure, it must fail. Hesse v. United States, 187 F.Supp. 375 (E.D.N.Y.1960); Notes of Advisory Committee to Rule 21(b), Federal Rules of Criminal Procedure (relating to the transfer, on defendant's motion, of prosecution for an offense committed in two or more districts or divisions); 4 Barron & Holtzoff, Federal Practice and Procedure, § 2093 (Wright ed. 1964); 86 A.L.R.2d 1343, 1350. The 1966 amendment of Rule 21(b) has not altered the pre-existing judicial determination that application for a change of venue must be made in the district from which a change of venue is sought. Furthermore, defendant's arguments relative to his inability to secure adequate representation, witnesses and other defense facilities in Nebraska may not now be as weighty as when certain of the authorities cited by him were decided, in view of the present concern by the Courts and Congress for the indigent defendant. In any event, these are arguments to be addressed to the Nebraska court.

■ As already noted, no hearing has as yet been held before the Commissioner, and defendant's application to this Court could well be dismissed as premature. The correct procedure would be to raise the questions involved herein after the Commissioner has made his report. However, rather than further delay the proceedings, I have considered defendant's motions and have disposed of them as indicated. If the Commissioner finds that defendant is the person named in the indictment, a warrant of removal will issue and I will retain jurisdiction of this matter for such purpose. Defendant's motions are in all respects denied.

So ordered.